## MATTHEW M. DODDS *et al.*

### *v.*

### JAMES M. BOARD.

1. ARREST—*justification.* A private individual may arrest a person guilty of crime, when it is necessary to prevent the escape of the accused, and have him taken before the proper officer for examination. But such a person cannot justify such arrest upon the ground of a suspicion of guilt only — guilt in such a case must be shown. It is otherwise with a peace officer authorized to make arrests, as he may arrest without a warrant where all the facts show that there was strong probable cause to believe that the accused was guilty.

2. Where a number of persons suspect a person of being guilty of crime, and induce a peace officer to make an arrest, without a warrant, they cannot justify their action by showing probable cause to believe him guilty; to do so, they must show guilt. In such a case the officer would, it seems, be justified.

3. Where a crime has been committed, and the party arrested is guilty, and private individuals induce a peace officer to make the arrest, they, as well as the officer, will be justified by showing the guilt.

WRIT OF ERROR to the Circuit Court of Edgar county; the Hon. JUSTIN HARLAN, Judge, presiding.

This was an action of trespass *vi et armis* brought by James M. Board, in the Edgar Circuit Court, against Matthew M. Dodds, John J. Logan, Fergus M. Blair and Ephraim S. Wolf. The declaration proceeded for an assault and battery, by illegally arresting plaintiff and falsely imprisoning him. Each of the defendants, except Logan, filed separate pleas of not guilty.

Logan filed a plea of justification, which is the fourth in the series, averring that he had been informed that plaintiff was guilty, as an accessory to a larceny which had been recently committed, and that he was idle and associated with persons of bad character, whereby he suspected him of being guilty of the crime, and arrested him, using no more force than was necessary, and took him before an officer for examination on the charge of larceny.

The defendants, except Logan, filed a fifth plea, in which they aver that they believed, and had probable grounds to believe, that plaintiff was guilty of a larceny then recently committed, from his association with persons of bad character, and for that reason procured Logan as a peace officer to arrest him, and have him taken before a proper officer for examination on the charge of larceny.

The sixth plea is by all of the defendants, and avers that plaintiff associated with persons of bad character, who had been guilty of crime, and a larceny had been recently committed, and that plaintiff, with others, were guilty of the crime, and that they procured Logan, who was a peace officer, to arrest him and take him before two justices of the peace for examination on the charge.

Plaintiff demurred to these several special pleas. Afterward plaintiff entered a *nolle prosequi* as to Wolf. The court at a subsequent term sustained the demurrer to each of these pleas. And defendants failing to further defend, a jury were impanneled, and, after hearing the evidence, assessed plaintiff's damages at $591, for which sum the court rendered judgment, and defendants prosecute this writ of error and complain of the judgment of the court in sustaining the demurrer to the pleas.

Mr. JAMES A. EADS, for the plaintiffs in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The assignment of errors questions the decision of the court below in sustaining the demurrer to the fourth, fifth and sixth

pleas filed by defendants below. The fourth plea is intended as a plea of justification. It was pleaded alone by Logan. It avers that plaintiff was an idle person, and consorted with persons of known bad character, and that a larceny had been recently committed in the neighborhood, and that he had been informed that plaintiff was accessory to the crime, and that he believed, and had probable cause for believing, that he was guilty, and had therefore arrested him and taken him before two justices of the peace and had him examined on the charge. This plea as a defense is defective in not stating that Logan was a peace officer authorized to make arrests of persons guilty of crime, if intended as a justification by such an officer. If intended as a justification as a private individual, it should, to constitute a bar, have averred the guilt of plaintiff; the demurrer was, therefore, properly sustained to this plea.

The fifth was intended as a justification to the other defendants, upon the grounds, that they suspected plaintiff of being guilty of a larceny which had been recently committed, and had induced Logan, who was a peace officer, to arrest plaintiff and take him before two justices of the peace to have him examined on the charge, without Logan's having a warrant for the arrest of plaintiff. To authorize an officer, without a warrant, to arrest a person on suspicion that he is guilty of crime, there must be such circumstances of suspicion that the party arrested was guilty, as renders it probable that the accused had committed the crime. But it is necessary that the plea should aver, that the party making the arrest was an officer authorized to make arrests. In this the plea is defective in not averring that the defendant Logan was a constable, as a private person has no right to arrest on mere suspicion. And there should also be an averment, that it was necessary for the officer to make the arrest to prevent the accused from escaping. To this extent all of the authorities go, it is believed, without conflict. But we are not prepared to hold, that a mere suspicion of guilt shall authorize all persons, without a warrant, to make an arrest. To so hold would, we have no doubt, lead

7 — 43D ILL.

to breaches of the peace, and produce crime, to an equal or greater extent than would be thus prevented.

This plea seeks to justify the arrest upon the ground that plaintiffs in error suspected defendant in error of being guilty of a larceny, and had for that reason induced a constable to make the arrest without a warrant. To hold this plea good, as a justification to the persons causing the arrest, would be to hold that private individuals might arrest on probable cause to believe that the party was guilty, as the arrest thus caused is, in principle, precisely the same as if the arrest had been made by a private person. The mere fact that they induced even an officer, without a warrant, to make the arrest does not protect them. They do not act under the direction of the officer, but he under theirs. While in such a case the officer, acting upon facts reasonably calculated to raise the presumption of guilt, would no doubt be protected, the party causing him to make the arrest would not be unless guilt were shown. There are, no doubt, cases which hold that private individuals may arrest on probable cause, but there are authorities which hold the contrary rule. And in the conflict of authority we are left free to adopt the rule which seems to be most consonant with reason and the public interest. And, to prevent breaches of the peace, and even bloodshed, we think that a private individual should not be justified, unless a crime has been committed and the person arrested shall be shown to be the guilty party. This fifth plea was, therefore, insufficient, and to it the demurrer was properly sustained.

From what has already been said, it follows, that the sixth plea presented a defense to the action. It avers that a larceny was committed and that plaintiff was guilty, and being so, the other defendants caused Logan, who was a peace officer, to make the arrest, using no more force than was necessary; and that when he was arrested he was taken before the proper officers for examination, and was detained in custody no longer than was necessary for that purpose. The law is believed to be well settled that a peace officer may justify an arrest by showing that the plaintiff was guilty of the crime for which the

arrest was made. And, as we have seen, private individuals may arrest persons guilty of crime and have them examined by the proper officer. *Stonehouse* v. *Elliott*, 6 T. 315; Hawkins' Pleas of the Crown, vol. 2, ch. 12, § 18. It then follows, that, if plaintiff was guilty, as admitted by the demurrer, the officer might, on his own motion, or at the request of his co-defendants, make the arrest without a warrant, provided it did not result in a breach of the peace. The demurrer was improperly sustained to this plea, and the judgment of the court below is reversed and the cause remanded with leave to amend the other pleas.

*Judgment reversed.*