## Charles A. Montross

*v.*

## Henry C. Bradsby.

68   185
36a 572
37a   93
68   185
100a ¹389

1. Malicious prosecution. In order to maintain a suit for malicious prosecution for procuring an indictment against the plaintiff, malice and the want of probable cause must be shown. Malice may be inferred from the want of probable cause, but the latter can not be inferred from the former. The *gist* of the action is want of probable cause.

2. Same—*facts showing malice and want of probable cause.* Where the defendant procured an indictment against the plaintiff for perjury in making an affidavit that the defendant was insolvent, in a suit wherein the latter had signed a bond for costs, knowing, or having good reason to believe, the affidavit to be true, from his embarrassed circumstances financially, this was held sufficient to show not only that the defendant acted without probable cause, but also with malice.

3. Damages, excessive—*malicious prosecution.* Where the defendant procured the plaintiff to be indicted for perjury, under circumstances showing malice and want of probable cause, a verdict for $1000 was held not excessive.

Appeal from the Circuit Court of Effingham county; the Hon. Hiram B. Decius, Judge, presiding.

Messrs. Cooper & Kagy, for the appellant.

Mr. Justice Craig delivered the opinion of the Court:

This was an action on the case for malicious prosecution, brought by Henry C. Bradsby against Charles A. Montross, at the September term, 1872, of the circuit court of Effingham county. A trial was had, and the jury found for plaintiff, in the sum of $1000. Defendant appealed to this court.

The evidence shows, that at the November term, 1870, of the Effingham circuit court, Montross signed a bond for costs, with one Ward, in a cause then pending in court, of *Ward* v. *Bradsby,* whereupon Bradsby filed an affidavit that Montross was insolvent. Montross, feeling indignant at Bradsby, went before the grand jury, then in session, and

procured an indictment against him for perjury. At the same term of court a *nolle prosequi* was entered. and Bradsby discharged. Montross, previous to going before the grand jury. applied to his attorney, but the attorney declined to give him any advice as to Bradsby's guilt, but referred him to the State's Attorney. Montross, however, did not advise with the officer, but acted on his own responsibility.

The evidence further shows, that Montross was largely indebted; his residence incumbered by mortgage; judgments against him unsatisfied; claims sent on to the banks where he resided. and returned unpaid; some of his property sold on execution, and not redeemed; the sheriff and deputy sheriff swear they had executions and could not collect them. There was no evidence introduced to contradict all of this, except that of the defendant himself.

Under this state of facts, had the defendant any sufficient reason to believe the plaintiff guilty of perjury, a reason sufficient in itself to induce or justify or warrant a man reasonably cautious to institute the prosecution? We think not.

In order for the plaintiff to recover in this case, it must appear that the defendant prosecuted him for perjury, maliciously and without probable cause. Malice, and the want of probable cause, must concur. Malice, it is true, may be inferred from the want of probable cause, but the latter can not be inferred from the existence of the former. A want of probable cause is the *gist* of the action.

From the evidence in this case, it appears that Montross was insolvent—the affidavit that Bradsby filed was true. Montross, no doubt, knew his own standing, financially; he knew a part of his property was under mortgage; he knew there were judgments standing against him; he knew his real estate had been sold on judgment and not redeemed; knew notes had been presented for payment and returned unpaid; knew he could not pay his indebtedness—in other words, he knew he was insolvent.

Now, if Montross knew the affidavit filed by Bradsby was true, or had good reason to believe it true, and went before the grand jury and instituted the prosecution, there can be no pretense but he acted not only without probable cause but with malice.

It is insisted by appellant, that the circuit court erred in modifying his instructions. The instructions were given substantially as asked. The changes made were slight, and did not change the legal effect of the instructions.

It is also insisted that the damages are excessive. If the plaintiff was entitled to recover, we do not think $1000 too large a verdict. As to the amount of the verdict, that was a question purely for the jury, under the evidence, and we do not think this a case where the verdict is so excessive that it ought to be disturbed.

Judgment of the circuit court will be affirmed.

*Judgment affirmed.*

Mr. Justice Scholfield took no part in the decision of this case.