# J. IRVING PEARCE, JR.,

## v.

## PATRICK NEEDHAM.

*Arrest—False Imprisonment—Damages—Evidence—Instructions.*

1. One who directs the arrest of another is liable therefor unless he is able to justify his action.

2. Where an arrest is made under circumstances that indicate a wanton disregard of the rights of the person arrested, the jury will be warranted in giving punitive damages, and it is proper for the jury to determine whether the circumstances of the arrest in the given case showed oppression or wantonness.

3. There need be no evidence of hatred or ill will, in order to authorize the submission of the question of exemplary damages in such cases to the jury.

4. The amount of damages is in such cases a question for the jury, and unless the same are so excessive as to indicate passion or prejudice on their part, their verdict should not be interfered with.

[Opinion filed June 30, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. J. P. ALTGELD, Judge, presiding.

Messrs. THOMPSON & SWISHER, for appellant.

A peace officer has the right to make an arrest where he has probable cause to believe the party arrested is guilty of felony. Cooley on Torts, 175; Beckwith v. Philby, 6 B. & C. 635; Rohan v. Sawin, 5 Cush. 281; Drennan v. The People, 10 Mich. 169; Burns v. Erben, 40 N. Y. 463; Davis v. Russell, 5 Bing. 354.

Where there is no evidence of wantonness or wilfulness, the jury should be instructed to find such damages as they believe, from the evidence, plaintiff has sustained. The jury should not be instructed that they may give punitive damages where there are no circumstances of wantonness or wilfulness to warrant such instruction. Waldron et al. v. Marcier, 82 Ill. 550.

To authorize the giving of exemplary or vindictive damages, either malice, violence, oppression or wanton recklessness must mingle in the controversy, and form one of the chief ingredients. Kennedy v. N. W. R. R. Co., 36 Mo. 351.

An instruction should not be given unless founded upon evidence. Murphy v. Larson, 77 Ill. 172; Andreas v. Ketcham, 77 Ill. 377; Hunting v. Baldwin, 6 Ill. App. 547; American v. Rimpert, 75 Ill. 228.

There was no evidence warranting the court in leaving it to the jury to say whether or not the arrest was made without authority of law. That a felony had been committed, was proved beyond dispute. The officers were peace officers, and, upon the evidence, were clearly authorized by law to make the arrest.

Messrs. DONAHOE & DAVID, for appellee.

"All persons who order, direct, aid, abet or assist in the commission of a trespass are liable for all the damage." Roth v. Smith, 41 Ill. 314; Ferriman v. Fields, 3 Ill. App. 252.

The question as to whether or not appellant was a party to the arrest, was one for the jury to determine, and, the evidence being conflicting on that point, the verdict of the jury settles the facts. Foss v. Sabin, 84 Ill. 567.

In the case of Cudahy v. Powell, 35 Ill. App. 29, Gary, P. J., said, *inter alia*: "It was a fair question for the jury upon all the circumstances shown, whether the police, in taking appellee to the station, were acting in accordance with directions, expressed or implied, of the appellant so to do. * * * This court will not reverse because the verdict may be against the evidence, unless it is apparent that, upon another trial before a jury, the result would be different; and where there is as much conflict in the evidence as this record discloses, it would be mere conjecture to say another jury would find differently. This quotation is but an effort to vary the form of the proposition so often laid down, that a verdict of a jury, upon conflicting evidence, settles the facts."

*Per Curiam.* This was an action on the case for false imprisonment, in which appellee recovered against appellant a judgment for $1,000. The evidence for appellee tended to show that at the time of the arrest he was working as a porter in the Sherman House in Chicago (of which hotel appellant was manager), at a salary of $30 per month. That he was unmarried, and lodged at the house of one Boylan, his brother-in-law, who was also employed at the Sherman House as porter.

On the day of the arrest appellee was in his room lying on a bed, when appellant, accompanied by the housekeeper of the Sherman House and two police officers, entered the room, produced a search warrant, and searched appellee's trunk. None of the property alleged to be taken, or belonging to the Sherman House, was found in appellee's possession, but appellant took from the wall where it was hanging an

Pearce v. Needham.

overcoat, and handed it to one of the officers, telling him to take it and to take appellee.

Appellee stated that the overcoat was his own, and offered to show where he had purchased it. He was arrested without any warrant, and taken through the streets in a patrol wagon to the police station, locked in a cell, where he remained from five o'clock in the afternoon, until the next morning, when he was released on bail.

Appellant denied that he ordered his arrest, but that issue of fact must be regarded as settled against him by the verdict. If he did so direct, he would, of course, be liable to appellee for the wrong, unless he was able to justify his action. We have examined the evidence in the record, and find the verdict to be supported, and that there was no error in the admission or exclusion of testimony.

Complaint is made of an instruction in which the court told the jury that if they believed from the evidence that the appellant directed the arrest maliciously or wantonly, and that it was without authority of law, they might assess exemplary or vindictive damages. It is contended that there was no evidence showing malice on which to base such an instruction.

Where such an arrest is made under circumstances that indicate a wanton disregard of the rights of the person arrested, the jury will be warranted in giving punitive damages, and it was proper for the jury to determine whether the circumstances of the arrest in this case showed oppression or wantonness. There need be no evidence of hatred or ill will in order to authorize the submission of the question of exemplary damages in such cases to the jury. The amount of damages is in such cases a question for the jury, and unless the damages are so excessive as to indicate passion or prejudice on the part of the jury, courts seldom interfere with the verdict found. Cudahy v. Powell, 35 Ill. App. 29; Reno v. Wilson, 49 Ill. 95; Montross v. Bradsby, 68 Ill. 185.

There is no error and the judgment of the Superior Court must be affirmed.

*Judgment affirmed.*