50    215
70    118

## The Fair v. Lydia Himmel.

1. DAMAGES—$1,000 Excessive.—A saleswoman, in a large mercantile establishment, was accused of taking a scarf that did not belong to her. One of the managers told her to go to the office. She went there and remained for some considerable time of her own volition. There was no pretense that there was any malice or violence in the case. *It was held* that damages to the amount of $1,000 were excessive.

Memorandum.—Action of trespass. In the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Declaration for false imprisonment; plea of not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the March term. A. D. 1893. Reversed and remanded. Opinion filed February 14, 1893.

The opinion states the case.

Knickerbocker & Smith, attorneys for appellant.

E. W. Adkinson, and H. H. Cody & Sons, attorneys for appellee.

Opinion of the Court, Gary, P. J.

The appellant is a corporation occupying extensive premises, and doing a large business, as a merchant. The appellee testified that one of the saleswomen accused the appellee of taking a scarf that did not belong to her. Managers o the store came, and the appellee testified that one of them put his hand upon her shoulder, and told her to go to the office, or to go up stairs. The office was up stairs. She, in fact, did go to the office, and there remained for some considerable time of her own volition, as she testified, because the scarf in dispute was her own, and she wanted it delivered to her.

There is no error in the case, other than refusing a new trial which ought to have been granted. There can be no pretense that there was any malice in the case, nor any violence.

The suit is for false imprisonment. On the whole evidence whether there was, on the most technical doctrine, any imprisonment at all, is debatable. The appellee alleges very serious consequences to her health in consequence of her excitement. How much of that is to be laid to herself we will not discuss.

The damages for which judgment was entered are $1,000, and one of the grounds assigned in the motion for a new trial, is that they are excessive.

Some incautious remarks of the court may have contributed to enhance the damages. It is common knowledge that shop-keepers are constantly plundered by shop-lifters, and an innocent mistake, accompanied by no circumstances of indignity beyond making the mistake, should not be so heavily punished.

The judgment is reversed and the cause remanded.