## Siegel, Cooper & Company v. Mary A. Connor.

1. FALSE IMPRISONMENT—*Arrests by Private Persons.*—A private person has no right to arrest another on mere suspicion that he has been guilty of a crime, and an arrest by a private party can not be justified unless a crime has been committed and the person arrested is shown to be the guilty party.

2. VERDICTS—*Upon Conflicting Evidence.*—Whether facts alleged as a cause of action or defense are proved, is a question for the jury, and where the evidence is conflicting their verdict is final.

Trespass, for false imprisonment. Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed May 6, 1897.

A. BINSWANGER and S. P. SHOPE, attorneys for appellant.

LOUIS SPAHN and MARCUS KAVANAGH, attorneys for appellee.

A private person, in order to justify an arrest of one accused of felony, need not prove that the felony was committed beyond reasonable doubt. A mere preponderance of evidence is sufficient. Lander v. Miles, 3 Ore. 35.

If an innocent person is arrested upon suspicion by a private individual, such individual is excused if a felony was in fact committed, and there was reasonable ground to suspect the person arrested. Mulligan v. N. Y. & R. B. Ry. Co. 129 N. Y. 506.

A private person can not make an arrest, unless able to show conclusively, as justification, that a criminal offense

Siegel Cooper & Co. v. Connor.

has been committed or attempted in his presence, and the person arrested is shown to have committed or attempted the criminal offense, and to be guilty.    1 S. & C. Stat., Chap. 33, Par. 401, 845; Kindred v. Stitt, 51 Ill. 407.

Regularly, under the common law, neither a private person nor a constable can, of his own authority, without warrant, arrest another for a misdemeanor, except for a breach of the peace, while the strife is going on, and to prevent its continuance.    Hawkins, in " Pleas of the Crown," adds to the right as against actual night walkers, and actual cheats with dice, to prevent them from escaping.    " But," observes Lord Tenterden, " these cases in Hawkins are where the party is caught in the act, and the party arrested is guilty."

Where the case is only one of suspicion, the arrest is unjustifiable in misdemeanor.    In cases of misdemeanor the parties aggrieved should apply to a justice of the peace for a warrant, and not take the law into their own hands.   1 Addison on Torts, Sec. 154.

Such was the common law, and our statute has, in actual fact, made very little change in it.    Newell on Malicious Prosecution, 68.

Furthermore, the only purpose for which private individuals may arrest persons (and as just shown, they may not arrest at all unless the arrested person is guilty of or attempting a criminal offense) is to have such guilty person examined by the proper officer.    Newell on Malicious Prosecution, 434, 435.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee was shopping in the mammoth store of the appellant—bought some articles for which she paid.    She had with her three girls of eleven to thirteen years of age, two of them her nieces.

In the store was, or had been posted, a notice of a reward of two dollars for any person catching a thief—a notice of the dangerous influence of which the appellant probably became convinced, for before the trial of this cause it had been withdrawn.

A " saleslady " who had served the appellee charged her

with stealing two handkerchiefs, and, as a result, she was taken to the office of the manager, who exacted from her, and was paid, five dollars for the two handkerchiefs. The selling price of the handkerchiefs was not more than half a dollar each. Thus far there is no dispute. Whether she did steal the handkerchiefs; whether she acknowledged or denied that she did; whether she paid because of guilt, or because the girls with her were crying, are matters disputed.

The appellant had the advantage of having the case presented to the jury by the instructions as one in which malice and want of probable cause, on the part of the appellant, were necessary elements of the cause of action by the appellee.

But the case being one of arrest by a private person without process, such arrest could be justified only by proving the actual guilt of the appellee. Kindred v. Stitt, 51 Ill. 401.

Whether such proof was made was, upon the conflicting evidence, a question for the jury, and the verdict is final.

That the jury awarded exorbitant damages—$11,000—may be conceded, but is easily accounted for. The enormous extent of the premises occupied by the appellant, and of the business which it conducted, could not be concealed from a Chicago jury, and when its manager exacted from the appellee five times the price of the goods which she was charged with stealing, as a condition of liberty, the foundation for smart money was laid.

The appellee remitted $8,500 of the amount at the suggestion of the court, and judgment was entered for $2,500.

We will not take time or space to review eight printed pages of the instructions; they were far more favorable to the appellant than the law will justify.

There is no error, unless in the amount of damages.

Shoplifting is a frequent crime, to which every possible check should be encouraged, but such checks should be such as not to offend the very common prejudice in favor of fair dealing. Fair v. Himmel, 50 Ill. App. 215.

The judgment is affirmed.