SIEGEL, COOPER & CO.

*v.*

MARY A. CONNOR.

*Opinion filed February 14, 1898.*

APPEALS AND ERRORS—*harmless error in giving instructions will not reverse.* The giving of an instruction which, if considered alone, might be liable to the objection that it assumed the existence of a controverted fact, is not ground for reversal if, when considered with the other instructions, it is improbable that the jury could have been misled thereby.

*Siegel, Cooper & Co.* v. *Connor*, 70 Ill. App. 116, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

A. BINSWANGER, and S. P. SHOPE, for appellant.

LOUIS SPAHN, and MARCUS KAVANAGH, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The Appellate Court has affirmed a judgment of the Superior Court of Cook county, recovered by appellee, against appellant, in an action of trespass for false imprisonment. Appellee, a resident of Colorado, but visiting relatives in Chicago and attending the World's Fair, went to appellant's store in company with two nieces and another young girl, and while there purchased two silk handkerchiefs. While the articles were being wrapped up, appellant's saleswoman accused appellee of having stolen and placed in an inner pocket of her cloak two other handkerchiefs, and came from behind the counter, put her hand in appellee's pocket and apparently took therefrom two handkerchiefs, but whether she took the handkerchiefs from the pocket or had them already in her own hands in advance was a controverted question on the trial. Complying with the commands of the saleswoman, appellee went with her to the office of appellant's store manager, where she was again accused of the theft, and, as the jury probably found from the conflicting evidence, was searched and detained upwards of half an hour and then required to pay five dollars before she was allowed to depart. It was not denied that she paid the five dollars, but it was claimed on behalf of appellant that the money was demanded as pay for the two handkerchiefs, which were worth one-fifth of that amount, and to reimburse appellant for similar losses from others, and that appellee paid the money voluntarily. This suit was brought soon after the occurrence.

From the briefs and arguments filed herein before the revision of the rules, the controverted questions appear to have been chiefly questions of fact, all of which have been conclusively settled against appellant. Some con-

tention, however, is made that the judgment should be reversed because of alleged improper remarks made by counsel for appellee in his argument to the jury, but we are of the opinion that no abuse of discretion in this regard has been shown.

It is next contended that the trial court erred in giving to the jury this (plaintiff's second) instruction:

"If you believe, from the evidence, that the defendant, for the purpose of extorting money from the plaintiff, detained her in the office of the defendant by means of threats of imprisonment, the plaintiff then and there being innocent of the crime charged, then the plaintiff is entitled to recover."

It is said that this instruction assumes, and states to the jury, that the plaintiff was innocent of the alleged theft. While this instruction, considered alone, might be liable to misconstruction by a jury, still, the court gave, upon its own motion, another, to the effect that in giving the instructions they were intended to give to the jury only the law of the case, and not to indicate any opinion of the court upon the facts or that the court had any opinion upon the facts,—that it was for the jury alone to determine the facts. It is wholly improbable that the jury were misled by the second instruction.

Eighteen instructions were given at the request of the defendant below. They covered every phase of the case, and, with two of them modified by the court, were more favorable to appellant than a strict application of the law applicable to such cases warranted. We find no error of law of which appellant can complain.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*