## Ervel W. Hight v. Howard Naylor.

1. TRESPASS—*For False Imprisonment.*—A person, not an officer armed with process, who arrests and detains another against his will, when no criminal offense has been committed or attempted in his presence, is guilty of false imprisonment.

2. FALSE IMPRISONMENT—*Reasonable Cause Not an Essential Element.*—Want of reasonable or probable cause is not an essential element of a cause of action for false imprisonment, and averments to that effect in the declaration may be treated as surplusage.

3. EXEMPLARY DAMAGES—*When Proper in False Imprisonment.*—A young man of industrious, sober habits, came to a village for medicine and went directly to the doctor ¡for it, after which he went down the street in an orderly manner, looking at the store displays as he

passed them. While thus occupied, he was summarily arrested by the defendant below, who, being very much excited, accused him in a loud voice of stealing his bicycle, and in language more forcible than elegant, refused to go with him to some of the best citizens of the village by whom he, plaintiff, could prove his identity and previous movements on that evening to establish his innocence, but sent for the village night watchman and ordered him to hold the plaintiff until the bicycle was found, telling him in the presence of a number of persons attracted to where they stood, that his bicycle had been stolen from the street, and he believed, by the plaintiff. The night watchman kept the plaintiff for one hour, exposing him to passers-by and refusing to allow him to see those by whom he claimed he could establish his innocence. *Held*, that the jury were justified in allowing punitive damages.

**Trespass,** for false imprisonment. Appeal from the Circuit Court of Christian County; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the May term, 1899. Affirmed. Opinion filed December 13, 1899.

JAMES B. RICKS, JOHN E. HOGAN and JAMES L. DRENNAN, attorneys for appellant.

The law is well established in this State that a private individual may make an arrest, but to justify, must show the guilt of the party arrested. Dodds et al. v. Board, 43 Ill. 95; Kindred v. Stitt et al., 51 Ill. 401.

Under the issues made by the pleading, reasonable cause of suspicion was sufficient, and defendant below was entitled to have his case tried according to the pleadings. Low v. Getty, 18 Ill. 493; Miller v. Balthasser, 78 Ill. 302.

In an action of this character, unless there are circumstances of aggravation which would call for vindictive damages, the recovery should be confined to the actual injury. But conceding that vindictive damages may be allowed in the case, the judgment is much larger than the facts and circumstances would warrant. Develeng et al. v. Sheldon, 83 Ill. 390.

J. C. McBRIDE, W. B. McBRIDE and JAMES E. SHARROCK, attorneys for appellee.

A private person arresting another on suspicion of felony or crime does so at his peril, and unless he can establish the

guilt of the person arrested, he is guilty of false imprisonment.   Smith v. Donnelly, 66 Ill. 464.

A private person making an arrest upon suspicion of felony, to justify such an arrest must show that a felony has in fact been committed, and that there are reasonable grounds to suspect the party arrested with the commission of the crime; but if no felony was in fact committed by any one, then such arrest is illegal.   Newell on Malicious Prosecution and False Imprisonment, 83, 84, 197; Ency. of Law, Vol. 1, 740.

An arrest by private person without process is a trespass if no criminal offense was committed or attempted in his presence, whether he had probable cause or not to believe the person arrested guilty.   Sundmacher v. Block, 39 Ill. App. 553.

In an action of false imprisonment, where it is charged to have been made without reasonable cause, these words may be treated as surplusage and need not be proven.   Johnson v. Von Kettler, 84 Ill. 315; Newell on Malicious Prosecution and False Imprisonment, 308, 309.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of trespass by the appellee against the appellant, tried by jury in the Circuit Court of Christian County, where a judgment was rendered against the appellant for $300 damages and costs.   To reverse that judgment the appellant prosecutes an appeal to this court, and urges as grounds therefor that the court admitted improper and rejected proper evidence; gave improper and refused proper instructions; the verdict is contrary to the evidence, and the damages are excessive.

While the declaration as first filed contained four counts, the first and second were dismissed and the trial had on the third and fourth, both of which charged trespass and imprisonment against the will of the plaintiff and without reasonable or probable cause.   The defendant filed a plea of not guilty, and two special pleas, in both of which he set up that he had probable cause.   The plaintiff joined issue upon

the plea of not guilty, demurred to the two special pleas, and the court overruled it. The plaintiff did not reply to the special pleas, and the trial was had as though they had been traversed.

The bill of exceptions shows that the appellant was a witness in his own behalf, and when testifying admitted that he was not an officer, yet, against plaintiff's will, had arrested him while on the street of the village of Assumption; that at the time he accused him of stealing his bicycle, worth $50; and that after he had arrested the plaintiff, he detained him some five minutes himself, and then turned him over to the night watchman of the village, with directions to hold him under arrest until the defendant found his bicycle; that the night watchman kept the plaintiff upon the street for some forty-five minutes, when defendant directed him to release the plaintiff, which he did; that after he had turned the plaintiff over to the night watchman defendant found that his bicycle had not been stolen, but only removed by a friend from the side of the street in front of defendant's place of business, where he had left it a short time before.

With these facts admitted there is no force in appellant's insistence that the verdict is contrary to the evidence, because confessedly the defendant, not being an officer with process, had illegally arrested and detained the plaintiff against his will when no criminal offense had been committed or attempted by the plaintiff in the presence of the defendant, which facts established plaintiff's cause of action and entitled him to a verdict. Sundmacher v. Block, 39 Ill. App. 553; Dodds et al v. Board, 43 Ill. 95; and Kindred v. Stitt et al., 51 Ill. 401.

Want of reasonable or probable cause not being an essential element of a cause of action for trespass and illegal imprisonment without process, the averment in both counts, that the trespass and imprisonment complained of was without reasonable or probable cause, was mere surplusage and could be disregarded. Johnson v. Von Kettler, 84 Ill. 315; Sundmacher v. Block, *supra;* Barnes v. North Trust

Co., 169 Ill. 118; Burnap v. Wight, 14 Ill. 301; and Higgins v. Halligan, 46 Ill. 173.

The two special pleas, setting up that there was reasonable and probable cause, were not good pleas in bar of the action set out in either count of the declaration, and the court should have sustained the demurrer to them for that reason.

The court permitted the defendant to show that when he arrested and detained the plaintiff he was acting under the opinion that his bicycle had been stolen, for it was missing from the side of the street where he left it; and that shortly thereafter the plaintiff had been seen walking along the streets in that vicinity, looking into the windows and doors of the stores; thus the jury were informed concerning all the facts and circumstances which induced the appellant to make the arrest, and cause the detention of the appellee, that might be considered in mitigation of damages; and while the court did reject some evidence concerning this phase of the case, of which appellant complains and insists was prejudicial error, yet we think ample evidence was admitted in this respect to enable the jury to act intelligently on that question.

It is persistently urged by counsel for the appellant that the damages allowed are excessive and the judgment ought to be reversed for that reason. The record shows that the jury, by their verdict, fixed the damages at $500, which amount the Circuit Court deemed excessive and required the plaintiff to remit $200 thereof, or a new trial would be granted. The amount was remitted by the appellee and judgment was entered for the remaining $300. The evidence disclosed that the plaintiff, a young man of industrious, sober habits, had come to the village of Assumption on the evening in question to get medicine for a sick lady; that he went directly to the doctor and got it and then went down the street in an orderly manner, looking at the store displays as he passed them. While thus occupied, he was summarily arrested by the appellant, who, being very much excited, in a loud voice accused him of stealing his bicycle,

and when appellee denied the charge and requested appellant to go with him to some of the best citizens of the village, by whom he could prove his identity and previous movements on that evening, thus establishing his innocence, appellant, in language more forcible than elegant, refused that reasonable request, sent for the village night watchman and ordered him to hold appellee until the bicycle was found, telling him in the presence of a number of persons, attracted to where they stood, that his bicycle had been stolen from the street and he believed by the plaintiff. The night watchman kept appellee for one hour, exposing him to passers-by and refusing to allow him to see those by whom he claimed he could establish his innocence.

Thus it fully appears that the appellant willfully arrested and detained the appellee without any warrant of law whatever, and in so doing acted in a malicious and oppressive manner, with a wanton disregard of the natural rights and feelings of appellee, so that the jury were justified in allowing punitive damages. (Blanchard v. Burbank et al., 16 Ill. App. 375, and authorities cited.) And we are of opinion that $300 damages are not excessive under such circumstances. (Siegel, Cooper & Co. v. Connor, 70 Ill. App. 116; affirmed in 171 Ill. 572; and Pearce v. Needham, 37 Ill. App. 90.)

We have examined with care the instructions given, as well as those refused, and are fully satisfied that no injustice was done appellant thereby; indeed, the instructions given at the instance of appellant were more favorable to him than the evidence justified.

After a careful inspection of the entire record, we find that substantial justice was done the parties thereto by the judgment rendered in the Circuit Court of Christian County; hence we affirm it.   Judgment affirmed.