# Rose Schramko, by Fred Olson, Plaintiff in Error, v. The Boston Store of Chicago, Defendant in Error.

## Gen. No. 31,255.

1. DIRECTING VERDICT—*when peremptory instruction for defendant should not be given.* A peremptory instruction for the defendant should not be given where there is any evidence, with all the inferences that the jury may justifiably draw therefrom, which fairly tends to prove the cause of action set out in the declaration.

2. FALSE IMPRISONMENT—*capacity in which arrester acted as question for jury.* In an action for false arrest and imprisonment held that whether the man in citizen's clothes who arrested plaintiff in defendant's store for alleged theft therefrom was, on such occasion, acting as a city police officer, as an employee of a detective agency, or under the control and direction of defendant, was a question of fact for the jury.

3. TRIAL—*relation of parties to contract as question for jury.* Even where a contract exists which assumes to determine the relation of the parties, if the facts and circumstances in evidence tend to show the existence of a relationship other than that fixed by the contract, the question of the existence of that relationship becomes one of fact for the jury, notwithstanding the contract.

4. FALSE IMPRISONMENT—*adoption and ratification of false arrest by course of conduct.* A person, although not originally responsible for a false arrest, may pursue a course of conduct which will amount to an adoption and ratification thereof.

5. FALSE IMPRISONMENT—*adoption and ratification of acts of arrester as question for jury.* In an action for false arrest and imprisonment, held that it was a question for the jury whether defendant adopted and ratified the acts of the man in citizen's clothes who arrested plaintiff in defendant's store for alleged theft therefrom.

6. TRIAL—*testimony of plaintiff in error required to be taken as true when verdict directed for defendant in error.* On writ of error to reverse the judgment entered on an instructed verdict for the defendant in an action for false arrest and imprisonment, plaintiff's testimony that she was restrained of her liberty in defendant's store until she had signed an alleged confession of theft therefrom was required to be accepted as true.

7. FALSE IMPRISONMENT—*what constitutes "false imprisonment."* Prima facie any restraint put by fear or force on the actions of another is unlawful and constitutes "false imprisonment."

8. FALSE IMPRISONMENT—*arrest without process as trespass.* An arrest without process is trespass if no criminal offense is committed

or attempted in the presence of the arresting officer, whether the latter has probable cause or not to believe the arrested person guilty; such an arrest can be justified only by proving actual guilt.

9. FALSE IMPRISONMENT—*assumption on motion of defendant in action for false arrest and imprisonment for directed verdict.* In an action for false arrest and imprisonment, it must be assumed on defendant's motion for a directed verdict that plaintiff's testimony that she lawfully bought the articles which she was arrested for stealing from defendant's store and that such articles were her property, was true.

10. LIBEL AND SLANDER—*whether circumstances amounted to slander as question for jury.* Whether charges of theft made by the person making an arrest for the alleged stealing of jewelry from defendant's store, amounted to slander held a question for the jury.

11. ASSAULT AND BATTERY—*whether physical violence amounted to assault as question for jury.* Whether physical violence shown by the evidence amounted to an assault on plaintiff, arrested for the alleged stealing of jewelry from defendant's store, held a question for the jury.

Error by plaintiff to the Circuit Court of Cook county; the Hon. PHILIP L. SULLIVAN, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1926. Reversed and remanded. Opinion filed February 7, 1927. Rehearing denied February 18, 1927.

CORINNE L. RICE and A. H. RANES, for plaintiff in error.

MOSES, KENNEDY, STEIN & BACHRACH, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

By this writ of error plaintiff seeks the reversal of an adverse judgment entered upon an instructed verdict in an action to recover damages for alleged false arrest and imprisonment.

Plaintiff, a minor, by her guardian brought suit alleging in her declaration, in various counts, false arrest and imprisonment of plaintiff by defendant; that defendant accused her of stealing a pair of bracelets;

that she was forced to remain and sign a so-called confession, the conversion by defendant of a pair of bracelets, the property of plaintiff, and an assault by the defendant upon the plaintiff.

It is the established rule that a peremptory instruction for the defendant should not be given where there is any evidence, with all the inferences that the jury may justifiably draw therefrom, which fairly tends to prove the cause of action set out in the declaration. *Libby, McNeill & Libby v. Cook,* 222 Ill. 206, and cases therein cited.

Plaintiff was 16 years of age at the time of the occurrence and was employed by Morris & Company to decode and type cables.  The evidence tended to show that September 23, 1920, about noon, she went to the store of the defendant to do some shopping.  She went to the jewelry counter on the first floor and was waited upon by Rose Chaden, a sales clerk.  Plaintiff bought a pair of bracelets, paying $1.19 for them, and the sales clerk helped plaintiff to put the bracelets on her wrist, as she desired to wear them.  Plaintiff received a sales slip of the sale, but inadvertently laid it on the counter and walked away without it.  After she had gone a little distance she was stopped by Charles Sullivan, in citizen's clothes, who said to her, "Your purse is full of stolen jewelry and the bracelets you have on were stolen," and pulled her by the arm roughly. Plaintiff requested to be taken back to the sales clerk to be identified, but Sullivan would not permit this and told her he would take her upstairs.  A crowd of people collected around them.  Sullivan held onto her arm all the way to the elevator and while they were in the elevator and took her to Mr. Mangold, the superintendent of the defendant.

Sullivan told Mangold that the girl had stolen the bracelets and that a clerk in the store had seen that her purse was full of jewelry.  Mangold told Sullivan to go out of the office, and the door was closed.  Plain-

tiff asked Mangold to take her back to the counter where she had purchased the bracelets and she would prove that she had bought them, but Mangold refused to let her go back or to go with her. He kept insisting that she had stolen the jewelry and then took out a partly typewritten form having blanks to be filled in. He filled out the blanks and urged the plaintiff to sign the statement or she would be sent to jail. Plaintiff persisted in saying that she did not steal the bracelets, but finally in order to get free she signed the statement without reading it over. Mangold told her that if she would sign it she would not have to go to jail. After she signed it he called Sullivan and they both signed the statement as witnesses. This was in evidence and purports to be a confession of theft by plaintiff. Then Sullivan led the plaintiff out of the office through the store and told her at the door never to come to the Boston Store again or he would arrest her.

Plaintiff went at once from the store to the office of an attorney and presently returned to the store with her attorney. They sought out the woman who had sold the jewelry to the plaintiff, explained that plaintiff had lost her sales slip and asked that she be given another slip, which the clerk did. Said slip, which was admitted as an exhibit for the plaintiff, recited that two bracelets had been bought from the sales clerk for $1.19 a pair.

Rose Chaden, the sales clerk, testified that she sold the bracelets to the plaintiff and helped put them on her arm; that later in the afternoon, when plaintiff and a man came back, she gave them another sales slip. The defendant retained the bracelets.

The defendant's witness, Sullivan, testified that he always took persons under such circumstances to the superintendent's office.

Defendant argues that Sullivan was employed by McGuire & White Detective Agency and was acting for said agency, and was not the servant or employee

of the defendant; hence, defendant is not liable for his acts. There was in evidence a contract of defendant with McGuire & White purporting to cover the relations between them, but such contract was for the years 1907 to 1909; whereas, the instant occurrence took place in September, 1920, some 11 years after said contract expired. There was also evidence that Sullivan was appointed to serve as a special police officer by the superintendent of city police.

Whether Sullivan upon this occasion was acting as a city police officer, or an employee of McGuire & White, or under the control and direction of defendant, was a question of fact to be determined by the jury. If he was acting as a city police officer, it was his duty upon making an arrest to take the party directly to the police station. He testified that his usual custom was to take such persons to the superintendent's office of the defendant. One may be a police officer, but it does not follow that all his acts are in the line of his duty as an officer of the law. Whether or not he represented the public in his actions, or represented the defendant, should have been left to the jury. The fact that he took the plaintiff to defendant's office and left her with Mangold, the superintendent, as directed by Mangold; that he signed the alleged confession as a witness, as directed by Mangold, and then took plaintiff to the outer door of the store and told her not to return to the store or she would be arrested, with other circumstances, should have been presented to the jury to determine whether Sullivan was acting as an officer of the law or as a representative of the defendant. *Moss v. Campbell's Creek R. Co.*, 75 W. Va. 62; *Zygmuntowicz v. American Steel & Wire Co. of New Jersey*, 240 Mass. 421.

Even where a contract exists which assumes to determine the relations of the parties, if the facts and circumstances in evidence tend to show the existence of a relationship other than that fixed by the contract,

the question of the existence of that relationship becomes one of fact for the jury, notwithstanding the contract. *Vacker v. Yeager*, 151 Ill. App. 144.

It was also a question for the jury to determine whether defendant adopted and ratified the acts of Sullivan. Under certain circumstances, even though a defendant may not be originally responsible for an arrest, yet it may pursue a course of conduct which amounts to an adoption and ratification of the acts of the officer. *Ehrhardt v. Wells Fargo & Co.*, 134 Minn. 58; *Burke v. Robinson* (Mo. App.), 271 S. W. 1005; *Hotel Tutwiler Operating Co. v. Evans*, 208 Ala. 252.

The evidence tended to show that Mangold, the superintendent, was acting as the representative of the defendant. Plaintiff's testimony must be accepted as true that she was restrained of her liberty by Mangold in his office and not permitted to leave until she had signed the alleged confession. This evidence tended to support the allegation of her declaration.

"*Prima facie* any restraint put by fear or force on the actions of another is unlawful and constitutes a 'false imprisonment' for which damages are recoverable." *Wax v. McGrath*, 255 Mass. 340, 151 N. E. 317; *Meints v. Huntington*, 276 Fed. 245; *Hines v. Adams*, 27 Ga. App. 155, 107 S. E. 618; *Coolahan v. Marshall Field & Co.*, 159 Ill. App. 466; *Field v. Kane*, 99 Ill. App. 1.

False imprisonment is "any unlawful exercise or show of force, by which a person is compelled to remain where he does not wish to remain, or to go where he does not wish to go." *Durgin v. Cohen*, 168 Minn. 77, 209 N. W. 532. False imprisonment is "the unlawful restraint by one person of the physical liberty of another. The true test seems to be, not the extent of the restraint, but the lawfulness thereof." *Weiler v. Herzfeld-Phillipson Co.*, 89 Wis. 554, 208 N. W. 599.

Mangold did not pretend that he saw the crime committed, but took the word of Sullivan in the matter. It

has been held that the arrest of a private person without process is trespass if no criminal offense was committed or attempted in the presence of the officer, whether he had probable cause or not to believe the arrested person guilty. *Hight v. Naylor*, 86 Ill. App. 508. Such arrest can be justified only by proving actual guilt of the party. *Siegel, Cooper & Co. v. Connor*, 70 Ill. App. 116; *Kindred v. Stitt*, 51 Ill. 401.

It is not seriously contended that the plaintiff stole the bracelets in question. At least, it must be assumed upon the motion to direct the verdict that she lawfully bought the bracelets and they were her property.

That defendant retained the bracelets purchased by plaintiff seems to be conceded, so that the fact of conversion by defendant was established.

It is said that defendant corporation cannot be found guilty under the count charging slander. The evidence tending to support this was that Sullivan, in the presence and hearing of a number of persons, said to plaintiff, "You stole some jewelry. This girl stole jewelry," and that when Sullivan took her to Mangold's office he repeated the charge that she had taken jewelry; that Sullivan also told some man that "she had a bag full of stolen jewelry." It has been held that under certain circumstances a corporation may be held liable for slanderous words spoken by its agent. *Margolis v. United Dairy Co.*, 214 Ill. App. 613; *Rosenberg v. Underwriters Salvage Co.*, 190 Ill. App. 64; *Buckeye Cotton Oil Co. v. Sloan*, 250 Fed. 712. It was for the jury to say whether or not the instant circumstances amounted to slander.

This is also true of the evidence tending to show that the defendant assaulted plaintiff. There was evidence tending to show physical violence towards plaintiff by Sullivan. It cannot be said, as a matter of law, that this did not amount to an assault.

Industrious attorneys for the defendant have cited a large number of cases which they argue justify the

directed verdict. These cases can be distinguished from the instant case and do not dissuade us from our conclusion. To point out the differences would unduly lengthen this opinion.

Upon the entire record, we hold that the peremptory instruction to find for the defendant was not justified. The case should have been submitted to a jury.

For the error indicated, judgment is reversed and the cause remanded.

*Reversed and remanded.*

MATCHETT and JOHNSTON, JJ., concur.