## Louis Braun v. Conrad Seipp Brewing Co.

1. FELLOW-SERVANTS—*Who Are, a Question of Fact.*—The question whether different servants of the same master are fellow-servants, within the legal signification of the term, is a question of fact to be determined from all the circumstances of each case, and the evidence bearing upon the question of whether the directions given by one servant were the acts

Braun v. Conrad Seipp Brewing Co.

of a fellow-servant or the acts of the master, should be submitted to a jury.

2. NEGLIGENCE—*Questions of, When to be Submitted to the Jury.*— When reasonable men, of fair intelligence, may draw different conclusions, the question of negligence must be submitted to the jury.

**Trespass on the Case,** for personal injuries. Error to the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the October term, 1897. Reversed and remanded. Opinion filed December 16, 1897.

JAMES B. McCRACKEN, attorney for plaintiff in error.

Where a master confers authority upon one of his employes to take charge and control of a certain class of workmen in carrying on some particular branch of business, such employe, in governing and directing the movements of the men under his charge, with respect to that branch of his business, is a direct representative of the master, and not a mere fellow-servant. All commands given by him within the scope of his authority are in law the commands of the master; and if he is guilty of a negligent and unskillful exercise of his power and authority over the men under his charge, the master must be held to answer. Wenona Coal Co. v. Holmquist, 152 Ill. 581; Fraser & Chalmers v. Schroeder, 163 Ill. 459; Mobile & O. R. R. Co. v. Godfrey, 155 Ill. 78; Western Stone Co. v. Whalen, 151 Ill. 472.

WINSTON & MEAGHER, attorneys for defendant in error; FREDERICK R. BABCOCK, of counsel.

Evidence tending to prove a cause of action must be more than a mere scintilla of evidence. It must be evidence upon which the jury could, without acting unreasonably in the eye of the law, decide in favor of the plaintiff or the party producing it. Simmons v. Chicago & Tomah R. R. Co., 110 Ill. 340; Bartelott v. International Bank, 119 Ill. 259.

A party performing the same work, and working side by side with a party claiming the right to recover, and having no authority to discharge or employ the party injured, is a fellow-servant. Illinois Cent. R. R. Co. v. Meyer, 65 Ill. App. 531.

The proposition is elementary, that, the relation of co-servants being established, there can be no recovery from the master by one for an injury inflicted upon him through the negligence of his co-servant. Wood on Railroads, Vol. 3 (Minor's 2d Ed.), 1771; Rorer on Railroads, Vol. 2, 1187; Story on Agency (8th Ed.), Sec. 453; Leeper v. Terre Haute & I. R. R. Co., 162 Ill. 215.

The words used by Surgiss in directing Smith to help move the wagon were not the act of a master, but the act of a fellow-servant, and if an accident happens from some negligence of the foreman, which negligence relates to the foreman's duties as a co-laborer with the person injured, and might just as readily happen with one of them having no such authority, the master is not liable. Cleveland, C., C. & St. L. R. R. Co. v. Brown, 73 Fed. Rep. 970; Central R. R. Co. v. Keegan, 160 U. S. 259; Fitzgerald v. Honkomp, 44 Ill. App. 365; Starne, Dresser & Co. v. Schlothane, 21 Ill. App. 97; Nor. Pac. R. R. Co. v. Peterson, 16 Sup. Ct. Rep. 843; Nor. Pac. R. R. Co. v. Charless, 16 Sup. Ct. Rep. 848; Reed v. Stockmeyer, 74 Fed. Rep. 186; The Louisiana, 74 Fed. Rep. 748; Laughlin v. State (N. Y.), 11 N. E. Rep. 371; Greene v. Western Union Tel. Co., 72 Fed. Rep. 250; O'Brien v. Rideout (Mass.), 36 N. E. 792; Martin v. Atchison, T. & S. F. R. R. Co., 17 Sup. Ct. Rep. 603; Nor. Pac. R. R. Co. v. Poirier, 17 Sup. Ct. Rep. 741.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

This writ of error is brought to review a judgment rendered in the Circuit Court in an action on the case wherein plaintiff in error sought to recover damages for personal injuries sustained, as is alleged, through negligence of defendant in error.

At the conclusion of the evidence for the plaintiff, the trial court refused to give an instruction proffered by defendant, directing the jury to find a verdict of not guilty; but after the evidence for the defendant and rebuttal evidence for plaintiff had been heard, the court then directed the jury to find the defendant not guilty, and upon such verdict rendered judgment.

Braun v. Conrad Seipp Brewing Co.

The question presented is the sufficiency of the plaintiff's case for submission to the jury.

The facts as presented are substantially as follows:

On the day of the injury, Braun, the plaintiff in error, was employed as a painter in painting wagons for the Conrad Seipp Brewing Company, defendant in error. The work was done in the paint shop of defendant, and the wagons were hauled up to the second floor of the shop upon an incline running from the ground floor to the second floor. An ordinary windlass, with handlebars on each end, was used for raising and lowering the wagons to and from this paint shop. The windlass was about ten inches in diameter, around which a rope was wound, which was attached to the wagons and used in raising and lowering them. The rope ran from the windlass to a sheave and block, fastened to the roof, and from there down to the wagon. At the end of the windlass, at which Braun was at work at the time of the accident, there was what the witnesses called a dog, which was used as a brake to keep the windlass from turning round. This dog or brake was situated just above one of the handlebars of the windlass, and consisted of a cogwheel and a bolt which dropped into it, and was so constructed that it would, when dropped in, stop the windlass.

There was testimony tending to show that this brake was used only to stop the windlass when raising wagons up the incline, and that it was not so used when lowering wagons.

On the day of the accident, a beer wagon was to be lowered down this incline. Surgiss, who is called by some of the witnesses " the foreman," ordered plaintiff and three boys in defendant's employ, to take hold of the handles of the windlass to let the wagon down. Surgiss attached the rope to the wagon, and took hold of the tongue to guide the wagon in its descent, and keep it on the incline.

There was a space of level flooring the width of the incline, extending back from the top of the incline about two feet and a half to a door sill. At this sill there was a drop of an inch or two, caused by the fact of the second floor being lower than the level of the floor leading to the incline.

Plaintiff and the three boys being at the handles, Surgiss started to back the wagon down the incline. The back wheels went over the sill and started downward, but the front wheels were stopped by the elevation at the sill, and Surgiss could not get them over. He then ordered one of the boys at the handles to come and help him release the front wheels. The boy responded to his call. The joint efforts of the boy and Surgiss succeeded in getting the front wheels over the sill, and the whole weight of the wagon then rested upon the rope attached to the windlass, as the wagon started to descend.

After the front wheels were over the sill, Surgiss sent the boy who was assisting him back to the handles, but before he could get back the accident had happened.

The wagon started down the incline, and the plaintiff and the two boys were unable to hold the windlass. It escaped from their control and kept revolving more and more rapidly, as the wagon gained momentum in its descent. One of the boys was thrown from the handles; the other let go; then the handle escaped from plaintiff's grasp, and revolving struck him several times on the arms, breaking them both in several places.

At the time of this occurrence, plaintiff was 25 years of age, and the two boys who were with him at the windlass were 19 and 15 years, respectively. The third boy, who was called away by Surgiss, was 18 years of age.

The third count of the declaration charges, in substance: Defendant (after ordering plaintiff and others to lower the wagon) negligently and recklessly called away and removed from said cranks one of the servants so assisting in lowering, well knowing that after said removal of one servant, an insufficient number remained to lower said heavy wagon; by reason of said negligence in calling him away, plaintiff and those remaining were unable to control the wagon; thereby the cranks began to revolve with great rapidity and escaped from plaintiff's control and the control of said servants, and the cranks struck plaintiff with great force and violence, injuring him, etc.

· Upon these facts and this count of the declaration, plaintiff in error complains that the issues should have been left to the jury.   In reply thereto defendant in error contends that the trial court properly directed the verdict, because, first, plaintiff failed to allege in his declaration that the servant of defendant through whose alleged negligence he was injured, was not a fellow-servant; second, the evidence shows (it is claimed) that such servant, viz., Surgiss, was a fellow-servant of plaintiff; and third, the evidence shows (it is claimed) that plaintiff was guilty of contributory negligence.

The first contention, viz., that the declaration is insufficient because it fails to allege that the servant of defendant, through whose negligence the injury was caused, was not a fellow-servant of plaintiff, can not be sustained.   The declaration here alleges negligence *by defendant.*   It states, not that defendant by its servant, but that defendant itself did the act complained of as negligence.   Although the defendant is a corporation, and could act only by its agents or servants, yet this allegation is sufficient.   It "excludes *ex vi termini* the theory that they (the negligent acts) were performed by parties for whose conduct the defendant was not responsible."   Libby et al. v. Scherman, 146 Ill. 540.

The second contention is that the evidence shows that Surgiss was in fact a fellow-servant of plaintiff, and hence plaintiff can not recover against the master for negligence of Surgiss.   We think that it should have been left to the jury to determine as to this question of fact.

"The general rule recognized by the repeated decisions of this court is, that the question whether different servants of the same master are fellow-servants, within the legal signification of that term, is a question of fact, to be determined by the jury from all the circumstances in each case."   Mobile & O. R. R. Co. v. Massey, 152 Ill. 144.

Braun, the plaintiff, testified : "The foreman of the paint shop where I worked was Mr. Surgiss.   The foreman told me to help the boys let the wagon down.   The foreman called the boy over to help him get the front wheels over."

Smith and Jelick, witnesses for plaintiff, and Taylor and

Standmaier, witnesses for defendant, all refer to Surgiss as "the foreman." Taylor, testifying on behalf of defendant, said: "Our foreman was Mr. Surgiss. I worked under his orders." Surgiss testified: "His (plaintiff's) duties were to be a laborer, to assist the painters and also me, and do painting work, etc. I do not employ and discharge men in the paint shop. I have not the authority. When there is a man to be discharged I have to report it to the president. I act under a superior, and get my orders with reference to the paint shop from the office. I work right with the men, painting just the same as they. Louis Braun (plaintiff) was the oldest man I had there. I says to him, 'You take the side of the brake and be responsible for it, each and every time.' The side Braun (plaintiff) stood on I always put him. I gave him full instructions how to use the brake. I said, 'Get ready, Louis (plaintiff), take your side and direct the men on the windlass, and I will take the truck.' I attached the rope, and put him in charge of the windlass."

There is nothing in the evidence to indicate that there was any one in the paint shop, or any one elsewhere save the president, superior to Surgiss in authority, to manage the paint shop.

We think that the evidence bearing upon the question of whether the directions given by Surgiss were the acts of a fellow-servant of plaintiff, or the acts of the master, should have been submitted to the jury.

The third contention is that the evidence shows that plaintiff was guilty of contributory negligence, in that, when one of the boys assisting him in holding the windlass was called away by the order of Surgiss, and the plaintiff and the remaining two boys proved unable to hold the windlass, the plaintiff then failed to make use of the brake to hold the windlass.

The plaintiff testified: "The reason I didn't let go was, I thought I was tending to my business, which I was told to do. We used this brake, or dog, only when we took trucks up; we couldn't use it in lowering them, because it went around fast; we couldn't put it in, and it wasn't strong enough to hold it."

Surgiss testified: "You can place the brake while the windlass is revolving without being struck with the handle. If the wagon had not got to going fast, it could have been stopped short by applying this brake."

We hold that the facts here come within the rule that when reasonable men, of fair intelligence, might draw different conclusions, the question of negligence must be submitted to the jury.  Chicago & N. W. Ry. Co. v. Hansen, 166 Ill. 623.

It can not be maintained that the risk incident to the withdrawal of one of the boys from the windlass by order of Surgiss, could by any possibility be construed to be an assumed risk, and the only question presented by the facts as to the conduct of plaintiff in the emergency which arose, is a question of contributory negligence, and that was, under the facts here, a question for the jury.

The judgment is reversed and the cause remanded.