### Ernest J. Mott v. Chicago and M. El. Ry. Co.

1. STATUTE OF LIMITATIONS—*Amended Counts, When Amenable to.* —When the plaintiff in an action for personal injuries files an amended count to his declaration in which a different cause of action is, in reality, declared upon, if not filed within the time limited, such count is amenable to a plea of the statute of limitations.

2. PLEADING—*What is Not a Different Cause of Action in an Amended Count.*—In an action for negligence, when the statement of the cause of action is defective, an amended count, in which the defect in the original declaration is corrected, does not state a different cause of action and is not amenable to a plea of the statute of limitations.

3. SAME—*Unnecessary to State that Co-employes Were Not Fellow-Servants.*—In an action for personal injuries it is not necessary for the plaintiff, in his declaration, to show affirmatively, by averments, that the injury complained of was caused by the negligent acts of agents or servants of the defendant, who were not his fellow-servants.

4. RESPONDEAT SUPERIOR—*Does Not Apply to Injuries Resulting*

*from the Negligent Acts of Fellow-Servants.*—The maxim *respondeat superior* has no application to injuries resulting from the negligent acts of the fellow-servants of the plaintiff.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. Elbridge Hanecy, Judge presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed June 23, 1902.

Charles A. Butler, attorney for appellant; Otho D. Swearingen, of counsel.

Alexander Clark, attorney for appellee.

Mr. Justice Adams delivered the opinion of the court.

Appellant was plaintiff and appellee defendant in the trial court. The suit was commenced October 26, 1899. At the same date a declaration was filed, averring as follows:

" That on, etc., in, etc., the plaintiff was employed as a lineman, performing his duty as such on the Waukegan Road, Lake county, Illinois; that the defendant then and there owned an electric motor and passenger car known as a street car, used by the defendant to carry passengers on said road, and which was then and there under the care and management of drivers, then servants of the defendant, who then and there drove said car along said road in said county; and while the plaintiff with all due diligence was performing his duties as lineman for defendant on said road, the defendant, then and there, by its servants so carelessly and improperly drove and managed said car, that by and through the negligent management and unskillfulness of the defendant by its said servants in that behalf, said car then and there ran into and struck plaintiff with great force and violence, thereby throwing the plaintiff with great force and violence upon the ground, thereby then and there greatly bruising, hurting and wounding him," etc.

March, 1901, the plaintiff, by leave of the court, filed an amended declaration, in which it is averred as follows:

" That, on January 24, 1899, in Lake county, Illinois, plaintiff was employed by defendant as a lineman, performing his duty as such on the Waukegan road in said county; that defendant then and there owned an electric motor and passenger car, known as a street car, used by defendant to carry passengers on said road, and which was then and

there under the care and management of a certain motorman, a servant of defendant, and who was not a fellowservant of the plaintiff, and who was then and there driving said car along said road, in said county; and while plaintiff, with all due diligence, was then and there performing his duties as lineman for said defendant on said road, the defendant then and there, by its said servant, the said motorman acting as such, and not as a fellow-servant of plaintiff, so carelessly and improperly drove and managed said car, that by and through the negligent management and unskillfulness of said defendant, by its said servant in that behalf, the said car then and there ran into and struck the plaintiff with great force and violence, throwing the plaintiff thereby upon the ground with great force and violence," etc.

The defendant pleaded the statute of limitations to the amended declaration; the plaintiff demurred to the plea; the court overruled the demurrer and sustained the plea; and plaintiff electing to stand by his demurrer, judgment was rendered against the plaintiff for costs.

The injury being, by the amended declaration, alleged to have occurred January 24, 1899, more than two years prior to the filing of that declaration, the cause of action stated in the amended count is barred, if it is a different cause of action from that stated in the original declaration, and appellee's counsel contends that it is. The main difference between the original and amended declaration is, that in the former it is not, in terms, alleged that the servants referred to were not fellow-servants of the plaintiff, while in the latter it is, in terms, averred that the servant therein referred to was not a fellow-servant of the plaintiff. The vital question is, whether the statement in the original declaration is a statement of a defective cause of action or a defective statement of a cause of action. If the former, the statute of limitations was well pleaded; but if the latter, not. Appellee's counsel relies on Joliet Steel Co. v. Shields, 134 Ill. 209, in support of the plea. In that case the judgment of the court does not indicate that the opinion of the court was that the averments in the declaration were of a defective cause of action; but rather that they constituted a

defective statement of a cause of action, because the court remanded the cause to the Circuit Court, with leave to the plaintiff to amend his declaration.    In Libby, McNeill & Libby v. Scherman, 146 Ill. 540, the declaration averred that the acts of omission and commission alleged as negligence, were the acts of the defendant, the defendant's servant not being mentioned.    It seems from the opinion that counsel for the appellant contended that the declaration should have contained the negative averment that the negligence charged was not the negligence of a fellow-servant or fellow-servants of the plaintiff, but the court held the contrary, saying :

"The contention is, that the defendant, being a corporation, could act only by its agents and servants, and that as the maxim *respondeat superior* has no application to injuries resulting from the negligent acts of the fellow-servants of the plaintiff, the declaration must show affirmatively, by express averments, that the injury complained of was caused by the negligent acts of agents or servants of the defendant, who were not fellow-servants of the plaintiff.    This, in our opinion, was not necessary.    The allegations of the declaration, so far as this point is concerned, are in the form which has been universally recognized by the rules of common law pleading as sufficient to charge a corporation with negligence.    They are that the defendant, that is, the corporation itself, negligently did the acts complained of, allegations which exclude, *ex vi termini*, the theory that they were performed by parties for whose conduct the defendant was not responsible."

We must confess that we are unable to perceive any sound legal distinction between an averment that a defendant corporation did or omitted to do a thing, and an averment that it did or omitted to do the thing by its servants. A corporation, in a case like the present, can act only by its servants, and therefore an averment that the corporation performed an act is, as it seems to us, necessarily equivalent to saying that it performed the act by its servants.

In such a case as the present, where improper, unskillful and negligent management is charged, an averment that such improper, unskillful and negligent management was by the defendant corporation, can only be sustained by

proof that it was by the servants of the corporation. Therefore, an averment that the defendant corporation, "by its servants so carelessly and improperly drove and managed said car, that," etc., is more expressive of the actual fact, which must be proved, than is the averment that the defendant "so carelessly drove," etc.

In Chicago City Ry. Co. v. Leach, 182 Ill. 359, 364, the court say:

"In Swift & Co. v. Madden, 165 Ill. 41, we held that the cause of action may be regarded as the act or thing done or omitted to be done by one which confers the right upon another to sue—in other words, the act or wrong of the defendant toward the plaintiff which causes a grievance for which the law gives a remedy. The question here presented, therefore, is whether the act or thing done by the defendant which caused the injury to the plaintiff, set out in the second additional count of the declaration, is the same as that set out in the first count of the original declaration." See also, Swift v. Madden, 165 Ill. 41, 45.

The cause of action set out in both the original and amended declarations, in the present case, is the same, namely:

"The careless and improper driving and management of the car, so that, by and through such negligent management and unskillfulness, the car ran into and struck the plaintiff," etc.

On the hypothesis that the original declaration is defective in not averring that the servants therein mentioned were not fellow-servants of the plaintiff, we are of opinion that the original declaration is a defective statement of a cause of action, which is remedied by the amended declaration, and that the cause of action stated in the amended declaration is not different from that stated in the original declaration.

The judgment will be reversed and the cause remanded.