## Isaac Rosenberg, Appellant, v. Underwriters Salvage Company, Appellee.

### Gen. No. 19,872.

1. CORPORATIONS, § 447*—*when corporation is liable for slander.* The test as to whether a corporation is liable for slander is whether the one uttering the slander did so in endeavoring to promote the corporation's business within the scope of the actual or apparent authority conferred upon him for that purpose.

2. LIBEL AND ·SLANDER, § 90*—*when declaration against corporation states no cause of action.* A declaration for slander alleging that a corporation by its agent said that the plaintiff "stole a knife," states no cause of action.

3. PLEADING, § 248*—*when motion to amend declaration will be denied.* A motion for leave to amend a declaration which states no cause of action, is properly denied where the statute of limitations has run when leave to amend is asked.

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed December 21, 1914.

LEE D. MATHIAS and CHARLES H. ROBINSON, for appellant.

BATES, HARDING, EDGERTON & BATES, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is a suit for damages for alleged slander. To the declaration a demurrer was filed and sustained and judgment entered dismissing the cause at plaintiff's cost. The declaration alleges that "The Underwriters Salvage Company, a corporation, of Chicago, Illinois," "in a certain discourse which the defendant then and there had, by and through one of his agents," said: "'You' (meaning the plaintiff) 'stole a knife' (mean-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Rosenberg v. Underwriters Salvage Co., 190 Ill. App. 64.

ing a knife belonging to the defendant). 'Well come on give me the knife' (meaning the knife the defendant had accused the plaintiff of stealing from the defendant).''

We are of the opinion that the declaration stated no cause of action, and the court was right in sustaining the demurrer and dismissing the cause. We find in 31 Cyc., Vol. 31, p. 1581, a concise statement of the law, digested from a very large number of cases in the courts of almost every State and in the United States courts, as follows:

''Upon the principle that he who does an act by another does it himself, a principal is liable to third persons for the torts which he has expressly authorized or specially directed his agent to commit.

''The liability of the principal for torts committed by his agent is not limited to torts which he has expressly authorized or directed; he is liable for all the torts which his agent commits in the actual or apparent course of his employment; and if the agent commits a tort in the apparent course of his employment the principal is liable therefor even though he was ignorant thereof and the agent in committing it exceeded his actual authority or disobeyed the express instructions of his principal. Thus a principal is civilly liable to third persons where his agent, while acting within the scope of his real or apparent authority, is guilty of assault and battery, conversion, fraud, or trespass; and he is also liable for the negligence of his agent resulting in injury to person or property.

''A principal is not liable for the torts which his agent commits when not acting in the course of the employment, unless he subsequently ratifies them. Nor is a person liable for the torts of one who does not bear to him the relation of agent, unless he has so acted in permitting the alleged agent to represent him that he is estopped to deny the agency.

''While the term 'course of employment' is impossible of precise definition, it may be said broadly that the act of an agent is within the course of his employ-

ment when the agent in performing it is endeavoring to promote his principal's business within the scope of the actual or apparent authority conferred upon him for that purpose."

The test inquiry concerning the liability of a corporation for slander is, did the one uttering the slander do so in endeavoring to promote the corporation's business, within the scope of the actual or apparent authority conferred upon him for that purpose? If we apply this test to the declaration in question, it is at once apparent that it omits almost every essential charge necessary to the statement of a cause of action against the defendant. This is so clear on the face of it as to make any detailed analysis of the declaration unnecessary.

This is not the case of a defective statement of a cause of action, but it is a statement of no cause of action. Hence, the statute of limitations having run when leave was asked to amend, it was not error to deny the motion.

The judgment was right and is affirmed.

*Affirmed.*