## CHICAGO, R. I. & P. RY. CO. v. CRONIN.

No. 9730—Opinion Filed Dec. 10, 1918.

(176 Pac. 919.)

1. **Commerce—Federal Employers' Liability Act—Engaged in Interstate Commerce.**

Evidence which shows that a railroad employe was injured while repairing one of the company's locomotives, which had been used in pulling an interstate passenger train, and which had been taken from the line tracks

and placed in a roundhouse for repairs, is insufficient to show that the rights of the parties were controlled by the privileges and obligations arising under the federal Employers' Liability Act (U. S. Comp. S. 1916, §§ 8657-8665).

**2. Master and Servant—Negligence of Fellow Servant—Liability of Master.**

Where a servant of a railroad company, while engaged in operating a jack in an effort to raise one of the company's engines, is injured by the excessive weight of the lever of the jack being thrown upon him by reason of a fellow servant, who was assisting him, releasing his lift on the lever without warning, held, that the negligence of the fellow servant in releasing his lift and throwing the entire weight on the plaintiff, without notice or warning, was the negligence of the master.

**3. Same—Failure to Furnish Sufficient Men.**

Where the evidence is such as to warrant a reasonable inference that an injury to a servant was the result of a failure of the master to furnish sufficient men to safely operate a certain appliance, a judgment for the servant will be sustained.

(Syllabus by Pope, C.)

Error from District Court, Grady County; Conn Linn, Judge.

Action by Alex Cronin against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

R. J. Roberts, C. O. Blake, W. H. Moore, and John E. Du Mars, for plaintiff in error.

Ledbetter, Stuart & Bell and E. F. Cornels, for defendant in error.

Opinion by POPE, C. Alex Cronin, while employed as a coach cleaner in the Rock Island roundhouse at Sayre, Okla., was directed to help jack up an engine, and while he and one Walker were engaged in this work, and while exerting their strength in lifting up on the lever of the jack which was being operated to raise said engine, Walker gave down without notice, and the lever came down with a jerk, and Cronin was injured. For this injury Cronin sued the company, and from a judgment in his favor the company brings error.

It is contended that the judgment must be reversed for the reason that the trial court tried the cause as governed by the laws of the state and not the federal Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1916, §§ 8657-8665]) ; the theory of the company being that Cronin was engaged in interstate commerce because he was working on an engine which, when in service, pulled an interstate passenger train. The engine had been taken out of service and placed in the shop for repairs. It was not being used in commerce of any kind ; it was "dead." The fact that the repairs had been made and the engine placed back in service in time to make its regular trip from Sayre, Okla., to Amarillo, Tex., does not necessarily mean that the engine was not out of service in the meantime. We cannot agree with the plaintiff in error that this broken down engine was in interstate commerce at the time of the accident ;. indeed, it was not in commerce of any kind. It was "dead," undergoing the repairs necessary to placing it in commerce.

The jack which was being used when the accident occurred was a 15-ton jack, and, while there was no evidence that it was not performing the functions which it was intended to perform, there was evidence that a 35-ton jack was properly and consistently used in that particular kind of work. There was evidence that more power was required to operate a 15-ton than a 35-ton jack. While two men could raise a locomotive such as the one being raised in this instant with a 35-ton jack, it required more to do the work with a 15-ton jack. There is no dispute that only two men were used to raise the engine in question ; there is evidence that Walker let the lever down resulting in the injury of Cronin, because the two men could not lift the engine further.

The law is well settled that the master owes a' duty of supplying sufficient help to do the particular work, 3 Labatt, Master & Servant, 2913 ; Bonn v. Galveston, H. & S. A. Ry. Co. (Tex. Civ. App.) 82 S. W. 808 ; Illinois Cent. R. Co. v. Langan, 116 Ky. 318, 76 S. W. 32 ; Flike v. Boston & Albany R. R. Co., 53 N. Y. 549. 13 Am. Rep. 545 ; Baum v. Conrad Seipp Brewing Co., 72 Ill. App. 232. Whether the master has furnished sufficient help is ordinarily a question for the jury. 3 Labatt, Master & Servant, 2915 ; Denver, S. P. & P. R. R. Co. v. Wilson, 12 Colo. 20, 20 Pac. 340 ; Rosin v. Danaher Lumber Co., 63 Wash. 430. 115 Pac. 833 ; Supple v. Agnew, 191 Ill. 439, 61 N. E. 392 ; 6 Thompson on Negligence, 452.

These principles of law considered in cases with the evidence heretofore referred to would justify the jury in concluding the injury was the result of the failure of the master to furnish sufficient help. Another view of the case may be taken; the unquestioned fact is that one of the two men engaged. in raising a lever released his lift on the lever, thus injuring the other by a heavy weight cast upon him. There are only

two theories by which such an accident could be explained. One of the servants was negligent in letting down on the lever without warning his fellow servant; the other is that the weight was too great to be lifted by two men, thus disclosing negligence on the part of the master in failing to furnish sufficient help. It follows that the railroad company was liable, in that, either the injury was the result of direct negligence, or the negligence of a fellow servant.

The judgment of the trial court is therefore affirmed.

By the Court: It is so ordered.