## Matthew Margolis, Appellant, v. United Dairy Company, Appellee.

### Gen. No. 24,621.

1. CORPORATIONS, § 477*—*when corporation liable for slander.* A corporation is apparently liable for an oral slander by its agent, when uttered within the scope of his employment and in the performance of his duties in the course of transacting the business of the corporation.

2. PRINCIPAL AND AGENT, § 221*—*when allegation in action against principal for act of servant is sufficient.* Where a principal or master is liable for the conduct of one acting for him, it is sufficient for the pleader to allege that the act of the servant or agent of the principal is the act of the person himself.

3. LIBEL AND SLANDER, § 90*—*when declaration in action against corporation for slander is sufficient.* In a declaration in slander against a corporation, the allegation that the slanderous words were spoken by the corporation necessarily implied that they were spoken by an agent or servant of the corporation, and that he spoke them while acting within the scope of his employment.

Appeal from the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Reversed and remanded. Opinion filed October 10, 1919. Rehearing denied October 21, 1919.

MCMAHON, GRABER & ELWARD, for appellant; JOSEPH F. ELWARD, of counsel.

SONNENSCHEIN, BERKSON, LAUTMANN & LEVINSON, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

The appellant, who was plaintiff below, filed an amended declaration, in which he set up, by way of inducement, that he had enjoyed the confidence, etc., of good and worthy citizens; that certain goods and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

chattels of the defendant had been feloniously stolen; that the plaintiff, at the time, etc., was about to engage in business, etc.; that on November 1, 1916, at the county of Cook, in a certain discourse which the defendant then and there had of and concerning the plaintiff, the defendant falsely and maliciously spoke certain defamatory words, "that is to say: 'He (meaning plaintiff Margolis) robbed every customer' (meaning customers of the United Dairy Company). * * * 'He (meaning plaintiff Margolis) robbed the company' (meaning the United Dairy Company). * * * 'He (meaning the plaintiff Margolis) stole a large sum, etc.' " To this amended declaration, the defendant filed a general demurrer, which the court sustained, and plaintiff electing to stand by his declaration, judgment was entered against him for costs.

The question to be decided is whether this declaration was defective in substance. It has been suggested that it was defective in two respects: First, that a corporation is not liable to an action for oral slander; and, secondly, assuming such liability, it failed to state material elements necessary to constitute a cause of action. While, so far as we are aware, the Supreme Court of Illinois has never passed on the question, much discussed in some other States, as to whether a corporation may be liable for uttering an oral slander, the Appellate Court for this district has indicated that it may be so held liable, although the particular declaration in that case was held insufficient. *Rosenberg v. Underwriters Salvage Co.,* 190 Ill. App. 64. The opinion in that case was based upon and quotes at length from Cyc., vol. 31, p. 1581.

The more recent decisions in other States indicate two divergent views. Some cases drawing the distinction between oral and written defamation have held that only in cases where the corporation had previous-

ly authorized the utterance of the slander, or subsequently ratified it, when spoken by one within the scope of his employment, can it be held liable. Perhaps the weight of authority sustains the rule laid down in *Buckeye Cotton Oil Co. v. Sloan,* 250 Fed. 719. "The sound rule established by the greater weight of the more recent cases is that a corporation is liable for a slander by its agent, when uttered within the scope of his employment and in the performance of his duties in the course of transacting the business of the corporation." The divergent views of the courts are set forth in *Roemer v. Jacob Schmidt Brewing Co.,* 132 Minn. 399, 157 N. W. 640, L. R. A. 1916 E 771.

The real question, however, in the instant case appears to be one of proper pleading. The defendant insists and the plaintiff does not deny that it would be necessary upon trial for plaintiff to prove that the alleged slanderous words were spoken by some agent of the defendant corporation, acting within the scope of his employment and while performing the duties of his principal, but the defendant says that the declaration must state these facts expressly, while the plaintiff contends that the allegation that the slanderous words were spoken by the corporation necessarily implies that they were spoken by an agent or servant of the corporation, and that he spoke them while acting within the scope of his employment, etc. The position of the plaintiff seems to be that good pleading only requires that the facts should be pleaded according to their legal effect; that it is not necessary, and, indeed, would be contrary to the rules of good pleading, for plaintiff to state in his declaration the evidence upon which he relies.

We have examined the authorities cited by the defendant, but these authorities seem to discuss the matter as one of substantive rather than adjective law. The quotation from Cyc. in *Rosenberg v. Under-*

*writers Salvage Co., supra,* shows that it was so considered by the court in that case. This is also true of each of the other cases upon which appellee relies. *International Text-Book Co. v. Heartt,* 136 Fed. 133; *Behre v. National Cash Register Co.,* 100 Ga. 213; *Kane v. Boston Mut. Life Ins. Co.,* 200 Mass. 265; *Southern Ice Co. v. Black,* 136 Tenn. 391, 189 S. W. 861. On the other hand, plaintiff has cited many cases from different jurisdictions, and several from Illinois, which seem to hold that where a principal or master is liable for the conduct of one acting for him, it is sufficient for the pleader, as here, to allege that the act of the servant or agent of the principal is the act of the person himself. We think there can be no doubt that this is the general rule in actions of assumpsit, where a writing is declared upon. *The Bank of the Metropolis v. Guttschlick,* 14 Pet. (U. S.) 19. It has also been held proper in actions against the principal, on account of the fraud of his agent. *Bennett v. Judson,* 21 N. Y. 238. The same rule has been stated in Massachusetts, *Livermore v. Herschell,* 3 Pick. 33, where the court said: "So, generally, if A does an act at the command or request of B, it is the act of B, and may be so alleged in the pleading, according to the well-established rule that every act may and should be alleged according to its legal effect." It was also held to be the rule in an action on the case for personal injuries in *Chesapeake & O. Ry. Co. v. Thieman,* 96 Ky. 507, where the court said, objection having been made that the petition did not state that an engine had been moved by the authorized agent of the defendant: "But that was rendered unnecessary by the comprehensive one, distinctly made, that defendant started and moved the engine upon and over plaintiff; in virtue of which it was competent to prove the act was done by its agent or servant." In *Libby, McNeill & Libby v. Scherman,* 146 Ill. 540, the Supreme Court of Illinois in discussing a similar question said:

"The allegations of the declaration, so far as this point is concerned, are in the form which has been universally recognized by the rules of common-law pleading as sufficient to charge a corporation with negligence. They are that the defendant, that is, the corporation itself, negligently did the acts complained of, allegations which exclude, *ex vi termini,* the theory that they were performed by parties for whose conduct the defendant was not responsible."

The same point is discussed in *Mott v. Chicago & M. Elec. Ry. Co.,* 102 Ill. App. 412, where the court said: "A corporation, in a case like the present, can act only by its servants, and therefore an averment that the corporation performed an act is, as it seems to us, necessarily equivalent to saying that it performed the act by its servants." And in *Klugman v. Sanitary Laundry Co.,* 141 Ill. App. 422, which was a case against a corporation for an assault committed by its servant, the opinion of the court states that the ultimate fact, necessary to be alleged, was that the wrongful act was committed by the defendant. "This may be alleged either by alleging that the defendant, by his servant, committed the act, or, without noticing the servant, by alleging that the defendant committed the act." (2 Chitty on Pleading, 708 note N.)

We are not cited to any case, nor have we been able to find one, in which the question is discussed as applied to a declaration in slander against a corporation. We are unable to see why the principle is not applicable to a declaration alleging slander by a corporation, as well as to a declaration charging assault by it. See Coke upon Littleton, vol. 2, p. 303b, where it is stated: "All necessary circumstances implied by law in the pleading need not be expressed, * * *."

We think the court erred in sustaining the general demurrer to this declaration, and the judgment will therefore be reversed and the cause remanded.

*Reversed and remanded.*