**James Leber, Defendant in Error, v. Theodore A. Lindenberg and Lydia Lindenberg, Plaintiffs in Error.**

**Gen. No. 31,231.**

1. Appeal and error—*when judgment must be reversed as to all defendants.* A judgment against a husband and wife for damages from personal injuries due to their negligent operation of their automobile, going to the jury on the first count of the declaration only as to the wife, if reversed as to the husband, must as a unit judgment be reversed as to both.

2.  Negligence—*when husband not liable for wife's negligent operation of automobile.*  For personal injuries due solely to a wife's operation negligently of an automobile owned by her husband and her, in his absence and without participation by him, the husband could not be held guilty on the ground of joint negligence with his wife.

3.  Negligence—*when husband's liability for wife's negligence cannot be asserted on doctrine of respondeat superior.*  Without allegations in the declaration of an action for personal injuries from negligent operation of an automobile, showing the defendant husband should be liable for his wife's negligence under the doctrine of *respondeat superior* but claiming their relationship that of joint tort-feasors, plaintiff cannot claim on the husband's appeal that he was liable as a superior.

Error by defendants to the Circuit Court of Cook county; the Hon. David M. Brothers, Judge, presiding.  Heard in the second division of this court for the first district at the October term, 1926.  Reversed as to both plaintiffs in error, remanded as to one only.  Opinion filed March 29, 1927.

Green, Brown & Rice, for plaintiffs in error; Charles E. Green, of counsel.

Lewis, Adler, Lederer & Kahn, for defendant in error.

Mr. Justice Barnes delivered the opinion of the court.

The judgment under review was rendered for the plaintiff in a personal injury suit brought against a husband and wife as joint tort-feasors.

The case went to the jury as to the wife only on the first count of the declaration, and as to both defendants on the second count, the other counts having been dismissed out of the case.

Both counts charged that the defendants controlled and owned an automobile and so negligently and carelessly operated it that it ran into an automobile in which plaintiff was riding, causing the injuries complained of.  The second count differs from the first merely in the additional allegation that defendants

operated their car at an excessive and dangerous rate of speed.

Each of the defendants filed a plea of general issue, and the husband a special plea of nonoperation of the automobile by him or his servant or agent.

The real and only issue thus presented was whether there was a joint act of negligence in the operation of the car. As at the close of plaintiff's case the court denied the husband's motion for a directed verdict finding him not guilty, and he stood by his motion and refused to put in any evidence, the first question for consideration is whether there was any evidence tending to prove a joint act of negligence, or any actual negligence by the husband. If not, there must necessarily be a reversal of the judgment as to the husband, and, as a consequence, also as to the wife, the judgment being a unit. (*West Chicago St. R. Co. v. Morrison, Adams & Allen Co.*, 160 Ill. 288, 295; *Supreme Lodge Knights of Honor v. Goldberger*, 175 Ill. 19.)

The evidence adduced shows that defendants' car was, on the occasion in question, driven and operated solely by the wife, in the absence of the husband, without any concert of action between them in its operation. On such a state of facts he could not be held guilty of a joint act of negligence in operating the car. (*Mulchey v. Methodist Religious Soc.*, 125 Mass. 487; *Warax v. Cincinnati, N. O. & T. P. Ry. Co.*, 72 Fed. 637; *Helms v. Northern Pac. Ry. Co.*, 120 Fed. 389; *Shaffer v. Union Brick Co.*, 128 Fed. 97; *McIntyre v. Southern Ry. Co.*, 131 Fed. 985.)

The only evidence relied on to sustain the judgment as to him was to the effect that he was the actual owner of the car; that he bought it for the family use and convenience and that it was being used for that purpose with his knowledge and consent. On these facts counsel for plaintiff urges that the case comes within the doctrine of *respondeat superior* and the rulings in

*Graham v. Page,* 300 Ill. 40, and *Gates v. Mader,* 316 Ill. 313. The contention is based upon a misconception of the issues. The facts so relied on and the cases referred to involve only the doctrine of imputed negligence, and not the principle of liability in a case of joint tort-feasorship. The declaration here contains no allegations of any relationship to which the former doctrine is applicable. As it states a cause of action on the theory of joint tort-feasorship only, and not one on the doctrine of *respondeat superior,* neither the facts nor the authorities so relied on by defendant in error are pertinent to the issues raised by the pleadings. (*McHale v. McQuigg,* 236 Ill. App. 295; *Van Meter v. Gurney,* 240 Ill. App. 165.)

The court having erred in denying the husband's motion, and the evidence having no tendency to establish his liability on the issues raised, it becomes necessary to reverse the judgment as to both defendants, and to remand the case only as to the wife, as to whom it was properly submitted to the jury.

This conclusion obviates the necessity of considering other alleged errors, and the weight of the evidence as to the liability of the wife.

*Reversed as to both plaintiffs in error,*
*remanded as to one only.*

GRIDLEY, P. J., and FITCH, J., concur.