**Joseph Maly, Appellee, v. Dominic Iandola, Appellant.**

**Gen. No. 32,575.**

502

Opinion filed June 20, 1928. Rehearing denied July 5, 1928.

MURPHY O. TATE, for appellant.

J. W. KOUCKY and CHARLES C. SPENCER, for appellee.

MR. JUSTICE WILSON delivered the opinion of the court.

The plaintiff, Joseph Maly, brought his suit in the superior court of Cook county, against James Iandola and Dominic Iandola, defendants, charging that they were the owners and possessed of a certain automobile which was then and there under the control and management of the defendants, and was then and there driven at a high rate of speed over and along certain streets of the city of Chicago, Cook county, Illinois; charging that the defendants so carelessly and improperly drove said car that it ran into the plaintiff, as a result of which plaintiff was injured; charges further that plaintiff, at the time of the accident in question, was, himself, in the exercise of ordinary care for his own safety.

To this declaration the defendant James Iandola filed a plea of the general issue and Dominic Iandola filed a plea of the general issue and a special plea to the effect that he did not own, operate or control the vehicle alleged to have caused the accident to the plaintiff.

The suit was dismissed as to the defendant James Iandola at the conclusion of all the evidence and a verdict returned by the jury against Dominic Iandola and assessing plaintiff's damages at the sum of $1,750 and judgment was entered on the verdict. From this judgment the defendant, Dominic Iandola, appeals.

The facts clearly show that at the time of the accident in question the car was being driven by James Iandola, a son of Dominic Iandola, and that the son, at the time of the accident, was about 22 years of age, but it is insisted by the defendant here, that the son was not, at the time of the accident, engaged in and about the father's business, nor was he driving the car at the time of the accident with his father's knowledge and consent.

At the end of the plaintiff's testimony the defendant made a motion for a directed verdict in favor of the defendants which was denied and an exception taken. At the end of all the evidence this motion was renewed and overruled by the court and an exception taken. After verdict, a motion for a new trial was overruled and exception taken and after judgment, a motion in arrest of judgment was made by the defendant here which was overruled and an exception taken.

It is insisted by counsel for the defendant that the declaration charges facts showing a relation of joint tort-feasors on the part of the two defendants and that the proof is entirely at variance with this allegation and that the liability of Dominic Iandola, if any, should be based upon the doctrine of *respondeat superior* and that, therefore, the facts do not sustain the allegations of the declaration.

No count in the declaration charges Dominic Iandola, the father, with liability by reason of the act of his servant or agent, nor does it predicate liability upon the fact that the son was driving the car with the knowledge and consent of the father. The declaration charges solely joint ownership and operation and this was denied by the plea of the general issue, as well as the special plea filed on behalf of the father, Dominic Iandola. This question was properly preserved for the consideration of this court by reason of the motion at the close of the plaintiff's evidence and

renewed at the end of all the evidence to direct a verdict for the defendant here.

This court in the case of *Van Meter v. Gurney*, 240 Ill. App. 165, says:

"Counsel for the plaintiff contends that the objection of counsel for the defendants involves a question of variance between the proof and the declaration, and that as the variance was not pointed out specifically on the trial, the question of variance was not saved for review.

"If the question was one only of variance, the contention of counsel for the plaintiff would be correct. *Linquist v. Hodges*, 248 Ill. 491, 497; *Carney v. Marquette Third Vein Coal Min. Co.*, 260 Ill. 220, 225; *Libby, McNeill & Libby v. Scherman*, 146 Ill. 540, 549; *Harris v. Shebek*, 151 Ill. 287, 292, 293. But although the objection involves the question of variance, it also includes the question whether the cause of action alleged in the declaration is supported by the proof. As the defendants made a motion at the close of the plaintiff's evidence to direct a verdict in favor of the defendants, and renewed the motion at the close of all the evidence, the question whether the proof sustains the cause of action alleged in the declaration was saved for review. *Chicago Union Traction Co. v. Brethauer*, 223 Ill. 521, 525."

The allegations in the declaration in the case just cited, as in the case at bar, charges that the defendants were the owners of, and were in possession of and operating a certain automobile and that it was their duty to manage and operate said automobile in a careful manner, but, on the contrary, managed and operated it in a negligent manner. The court in its opinion says in regard to this declaration:

"In our opinion these allegations are not sufficient to establish the relationship of master and servant between the defendants, even when all intendments and presumptions are indulged in favor of the allega-

tions. In our view the allegations state a cause of action against the defendants only as joint tort feasors. We do not think, however, that counsel for the defendants are correct in their contention that the proof fails to sustain a cause of action on the theory of joint tort feasors, and that on the evidence the defendants could be held liable only on the doctrine of master and servant. If the right of the plaintiff to recover should be considered from the aspect of the evidence alone, we are of the opinion that the defendants could be held liable jointly both on the theory of tort feasorship, and on the doctrine of master and servant, or the equivalent relationship of principal and agent. But when the declaration, which charges only tort feasorship, is considered in connection with the evidence, the plaintiff's right of recovery must be restricted to tort feasorship.''

It is clear from the evidence in the case at bar that there was no concerted action between the defendants and, consequently, no liability by reason of the defendants being joint tort-feasors. To the same effect see 39 Corpus Juris, 1352; 13 Ency. Pl. & Pr. 922; *Shein v. John R. Thompson Co.,* 225 Ill. App. 490.

This court in the case of *Leber v. Lindenberg,* 244 Ill. App. 104, which was an action against husband and wife, based on the theory that they were jointly liable by reason of the fact that they were jointly in possession and in control of the car at the time of the accident, in its opinion says:

''The only evidence relied on to sustain the judgment as to him was to the effect that he was the actual owner of the car; that he bought it for the family use and convenience and that it was being used for that purpose with his knowledge and consent. On these facts counsel for plaintiff urges that the case comes within the doctrine of *respondeat superior* and the rulings in *Graham v. Page,* 300 Ill. 40, and *Gates v. Mader,* 316 Ill. 313. The contention is based upon a

misconception of the issues. The facts so relied on and the cases referred to involve only the doctrine of imputed negligence, and not the principle of liability in a case of joint tort-feasorship. The declaration here contains no allegations of any relationship to which the former doctrine is applicable. As it states a cause of action on the theory of joint tort-feasorship only, and not one on the doctrine of *respondeat superior,* neither the facts nor the authorities so relied on by defendant in error are pertinent to the issues raised by the pleadings."

Counsel for the plaintiff cite *Braum v. Conrad Seipp Brewing Co.,* 72 Ill. App. 232; *Klugman v. Sanitary Laundry Co.,* 141 Ill. App. 422; *Margolis v. United Dairy Co.,* 214 Ill. App. 613, in support of their contention that, under a direct charge that the defendant ran, managed and operated the vehicle in question, it becomes competent to show that it was done by a servant or agent, under such a charge in the declaration, but the cases cited are cases against a corporation and in those cases the court has extended the doctrine apparently upon the ground that the defendant, being a corporation, it could act only by servant or agent and that, therefore, the allegation that it acted by its servants and agents was sufficient. The reasoning in those cases could not apply to an individual defendant. Moreover, we find nothing in those cases in conflict with the rule announced in the cases already cited in this opinion.

The fact that the defendant, James Iandola, who was actually engaged in the management and control of the car at the time of the accident was dismissed out of the suit, does not deprive the remaining defendant of the right to have the court consider the question as to whether or not the evidentiary facts conform to the declaration. The declaration by expressly charging the defendants with being joint tort-feasors, excluded the theory of *respondeat superior* and the dis-

missal of one defendant could not alter the charge of negligence on the ground made out in the declaration.

In the case at bar, the defendant here is charged with running, operating and owning a certain vehicle which caused the accident in question and the evidence discloses that, at the time, he was not operating or managing said car and that his liability, if any, is predicated upon the rule of *respondeat superior*. By his special plea he gave notice to plaintiff of this fact, but plaintiff did not see fit to amend to conform to the fact.

We are unable to hold otherwise than that the facts did not conform to the allegations of the declaration and that this question was saved by the proper motion made in the trial court.

For the reasons stated in this opinion the judgment of the trial court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

HOLDOM, P. J., and TAYLOR, J., concur.