Oliver LEWIS, Plaintiff in Error,

v.

Letha (Mrs. Ben) CHILDERS, Individually and doing business as Childers Ranch, Defendant in Error.

No. 39861.

Supreme Court of Oklahoma.

Oct. 30, 1962.

Rehearing Denied Dec. 11, 1962.

Harold B. Dane, Stigler, for plaintiff in error.

Green & Feldman, W. E. Green, Raymond G. Feldman, Wm. S. Hall, George A. Farrar, Tulsa, for defendant in, error.

BLACKBIRD, Vice Chief Justice.

The parties to this appeal appear in the same order in which they appeared below, and will be referred to by their trial court designations of "plaintiff" and "defendant", respectively.

Said court sustained defendant's demurrer to plaintiff's amended petition, and, upon plaintiff's election to stand on said pleading, the court entered its order, and/or judgment, sustaining defendant's motion to dismiss the action. From said order and judgment, plaintiff has lodged the present appeal.

According to the allegations of his amended petition, plaintiff has been foreman of defendant's ranch since 1946, with general authority to hire and discharge employees of the ranch, except for certain ones over whose employment defendant sometimes exercised control; that defendant determined the number of the ranch's employees, however, after consultation with plaintiff; that taking care of the livestock on the ranch was among the duties of plaintiff's position at all times; that the nature and extent of the work required the services of several employees; that during his many years of experience, plaintiff became skilled in work ordinarily done by a veterinarian, such as assisting cows in giving birth to calves; that in July, 1959, he had an operation on his back, and following it, his doctor instructed both him and the defendant that he (plaintiff) was not to do anything other than light work for a period of 8 to 18 months after said operation; that defendant directed plaintiff to follow the doctor's said instructions; that during the following months, there was a constant lack of sufficient employees on the ranch, and plaintiff performed a heavier type of work there than he was supposed to do; that about January 1, 1960, plaintiff located a man who had considerable experience with livestock, and was qualified to perform the veterinarian-type of duties plaintiff had been performing, and was immediately available for employment in said work on the ranch, but defendant refused plaintiff

authority to employ him, telling him that her son-in-law " * * * was looking for someone to hire for such work." Plaintiff's amended petition continues as follows:

" * * * That in February, 1960, plaintiff again requested the additional help for taking care of the cattle due to the fact that it was calving season, but again no authority to hire was given, and the son-in-law, who was purportedly looking for someone, had still not hired anyone for the job.

"4. That on Sunday morning, February 28, 1960, at about 8:00 A.M., plaintiff observed one of the defendant's cows having difficulty in giving birth to a calf. That plaintiff, having no one on the ranch qualified and experienced in assisting the delivery of a calf in such a situation, found it necessary to assume the job himself. That there was one other employee by the name of O. C. Stowers on the ranch at the time plaintiff first observed the cow. That Stowers was not qualified or experienced in delivering a calf under the circumstances observed by plaintiff, and also, Stowers was out feeding other cattle. That during the time plaintiff was assisting in the delivery of the calf, Stowers arrived on the scene and assisted by standing and bracing the cow. That during the delivery the cow suddenly fell or lurched and jerked the plaintiff in a quick and sudden manner and in such fashion that plaintiff suffered a new and additional injury to his back. That after plaintiff and Stowers had completed the delivery of the calf, plaintiff found it necessary, due to the tremendous pain which he was suffering, to return to his home and go to bed.

"5. That the type of difficulty which this particular cow had in giving birth to a calf required the presence of two men to accomplish the job of taking the calf properly. That had plaintiff had a qualified employee on the ranch as

he had requested, it would not have been necessary for plaintiff to undertake the delivery of the calf, and plaintiff would not have sustained the injury which he received. * * *."

Plaintiff further alleged that defendant had "* * * made a farce * * *" of her instructions to him to do only light work "* * * by willfully, carelessly and negligently failing to hire a sufficient number of qualified employees to accomplish the work to be done." Plaintiff further alleged:

"That this failure and refusal on the part of the defendant to allow the hiring of additional qualified employees was a violation of the duty owed to plaintiff to provide him with a sufficient number of qualified employees and constitutes negligence on the part of the defendant and a careless and wanton disregard of injuries which plaintiff might sustain by reason of the heavy work which plaintiff found it necessary that he do in the preservation and protection of the property of the defendant. That had there been a sufficient number of qualified employees on the ranch, it would not have been necessary for plaintiff to assist in the delivery of the calf upon the morning of February 28, 1960, and plaintiff therefore would not have sustained the injury. That the negligence of the defendant, arising from the violation of the duty to provide a sufficient number of qualified employees, was the direct and proximate cause of the injuries sustained by the plaintiff."

In his "Specification No. 1", plaintiff asserts that his amended petition alleged all of the elements necessary for recovery in an action of this character. In his argument, he cites Beasley v. Bond, 173 Okl. 355, 48 P.2d 289, and Chicago R. I. & P. R. Co. v. Cronin, 74 Okl. 38, 176 P. 919, as showing a master's liability to an employee who is injured, while attempting to do a job, by reason of the master's negligent failure to furnish a sufficient number of fellow-employees for its accomplishment. We do not think these cases dealing with an employer's duty to employees apply to the present case, because, here, plaintiff was not an ordinary employee, but, as a foreman, he occupied a position that placed him in the category of a vice-principal, managing agent, or superintendent. As will be noted from the above, plaintiff's amended petition specifically recognizes that, as foreman, it was his duty to manage and supervise the operations of the ranch that concerned the taking care of livestock; that the nature of the work required the services of several employees; and that he had general authority to hire and fire them. The reasonable inferences to be drawn from his pleadings are that the ranch has "several employees * * *" and that he had the power to direct where, and when, they worked, and what they did. Although the amended petition contains the pleader's conclusion that the proximate cause of plaintiff's injury was defendant's violation of her alleged duty to provide a sufficient number of qualified employees, it also alleges that the "type of difficulty" the particular cow was having on February 28, 1960, "* * * required the presence of two men to accomplish the job of taking the calf properly." The logical inference then is that, if two of the ranch's employees (rather than only Stowers) had been available to help with the described calving on that date, so that plaintiff might have only told the men what to do, rather than doing part of the work himself, his injury would not have occurred. But who—on the basis of the facts alleged in the petition—was it that had the job, and responsibility, of assigning the ranch's employees to the various tasks involved in the operation of the ranch? Or, who was responsible for there not being two of the ranch's employees available to assist the cow on February 28, 1960? Undoubtedly, this responsibility was plaintiff's. Therefore, it would appear that, in truth and in fact, plaintiff is complaining against defendant for being hurt in a part of the ranch's operations over which he had

sole supervision and control, as to both methods, and employees, used. Under the law then, his complaint is, in effect, against himself; and he cannot hold defendant liable therefor. In this connection see the discussion in Sible v. Wells Bros. Co., 148 Ill. App. 109, which case was quoted and followed in Howard v. Foster and Kleiser Co., 217 Or. 516, 332 P.2d 621, 342 P.2d 780.

The inference which plaintiff's counsel apparently wants us to draw from the excerpts he quotes, under his "Specification No. 3", from our opinion in City of Altus v. Martin, Okl., 268 P.2d 228, is an incorrect one. There, we refused to apply to the defendant in that case, the rule exonerating an employer from liability for failure to furnish his vice-principal with "additional tools, appliances or helpers" necessary for the safe performance of the assigned work, when not advised of their need and requested by the vice-principal, because, in that case, plaintiff did complain to Altus' Mayor of the premises' defective condition and the "Mayor indicated that repairs would be made." Obviously, the statements there made are not the equivalent of saying that an employer would be liable to his vice-principal in a situation like the one described in the subject pleading. Here, the facts alleged in plaintiff's amended petition tend to support the conclusion that he was injured by reason of his own failure, negligence, or error in calculation, judgment, and/or planning. When considered as a whole, they do not support his conclusion that the proximate cause of his injury was a neglect of duty on the part of his employer, the defendant. Defendant's demurrer admitted only the facts well pleaded in plaintiff's amended petition, and the inferences, or conclusions, to be logically and reasonably drawn therefrom. It did not admit plaintiff's conclusions of law as to defendant's duty, her failure to discharge it, the proximate cause of his injury, etc., unattended by fact allegations to support them. See Duncan v. Golden, Okl., 316 P.2d 1116, 1119, and Speaker v. Board of Co. Com'rs of Oklahoma County, 312 P.2d 438.

In view of the foregoing, we hold that plaintiff's amended petition did not state a cause of action against defendant; and the trial court committed no error in sustaining her demurrer. Its judgment is therefore affirmed.

WILLIAMS, C. J., and WELCH, DAVISON, HALLEY, JOHNSON, IRWIN and BERRY, JJ., concur.

JACKSON, J., concurs in result.